James G. HAMILTON, Plaintiff–
Appellant,

v.

AETNA LIFE AND CASUALTY
COMPANY, Defendant–
Appellee.

No. 19, Docket 92–7941.

United States Court of Appeals,
Second Circuit.

Submitted Sept. 22, 1993.

Decided Sept. 27, 1993.

James G. Hamilton, pro se.

Day, Berry & Howard, Hartford, CT (Thomas J. Groark, Jr., of counsel, on the brief), for defendant-appellee.

Before: MESKILL, KEARSE, and WINTER, Circuit Judges.

PER CURIAM:

Plaintiff *pro se* James G. Hamilton, who initiated in state court, and removed to federal court, this action against defendant Aetna Life and Casualty Co. ("Aetna") for wrongful discharge in violation of state law, appeals from an order of the United States District Court for the District of Connecticut, José A. Cabranes, *Judge,* now *Chief Judge,* remanding the action to state court. The district court, in response to a motion by Aetna to dismiss the action for lack of federal subject matter jurisdiction, entered the order of remand, stating that Hamilton had no right to remove his own action. Aetna seeks affirmance or, in the alternative, dismissal of the appeal for lack of appellate jurisdiction. For the reasons stated below, we affirm on the ground that there is no federal subject matter jurisdiction.

*Removal Provisions*

Provisions governing the procedures for removal of actions to federal court and the review of orders remanding those actions to state court are set out in 28 U.S.C. §§ 1441–1452 (1988). Several sections permit removal by defendants, *see, e.g., id.* §§ 1441(a) and (b) (certain defendants in diversity actions); *id.* § 1441(b) (actions raising federal question); *id.* § 1442 (actions against federal officials). No section provides for removal by a plaintiff. *See generally* 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3731, at 502 (1985) ("Plaintiffs cannot remove...."). An action removed other than in accordance with the statutory provisions may be remanded to state court. However, § 1447(c), as amended in 1988 by the Judicial Improvements and Access to Justice Act, Pub.L. No. 100–702, 102 Stat. 4642, 4670 (1988), provides, in pertinent part, that

> [a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). Under this provision, all motions for remand—except those based on lack of subject matter jurisdiction—must be made within 30 days after removal or they are waived. *See, e.g., In re Shell Oil Co.,* 932 F.2d 1523, 1527 n. 6 (5th Cir.1991) ("As amended, § 1447(c) requires that motions for remand must be made within 30 days of removal, except in cases in which the court lacks subject matter jurisdiction."), *cert. denied,* —— U.S. ——, 112 S.Ct. 914, 116 L.Ed.2d 814 (1992); *Air–Shields, Inc. v. Fullam,* 891 F.2d 63, 65 (3d Cir.1989) (district court's *sua sponte* decision to remand on

procedural grounds more than 30 days after the filing of the notice of removal exceeded court's authority); 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3739, at 166 (Supp.1993) ("[T]he 30–day limit applies to all motions to remand except in cases in which the court lacks subject-matter jurisdiction.").

Section 1447(d) provides that, except in a case removed pursuant to 28 U.S.C. § 1443 (permitting defendant to remove civil rights case), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). Despite its facial breadth, this provision insulates from appellate review only those remand orders that are authorized by § 1447(c). *See Gravitt v. Southwestern Bell Telephone Co.*, 430 U.S. 723, 723–24 (1977) (per curiam); *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 346, 96 S.Ct. 584, 591, 46 L.Ed.2d 542 (1976) ("only remand orders issued under § 1447(c) and invoking the grounds specified therein ... are immune from review under § 1447(d)"). Though *Gravitt* and *Thermtron* were construing a pre–1988 version of § 1447(c) that required the district court to remand a case if it appeared, prior to final judgment, that the action "was removed improvidently and without jurisdiction," 28 U.S.C. § 1447(c) (1982), we see no sound basis for believing that the principle established is not equally applicable to the present version of that section. *See, e.g., In re Shell Oil Co.*, 932 F.2d 1518, 1519–21 (5th Cir.1991) (applying *Thermtron* to the 1988 version of § 1447(c)), *cert. denied,* —— U.S. ——, 112 S.Ct. 914, 116 L.Ed.2d 814 (1992); *Air–Shields, Inc. v. Fullam*, 891 F.2d at 66 (same).

■ Reading the present §§ 1447(c) and (d) together, we conclude that an order granting remand based either on a timely motion asserting a procedural defect or on a lack of federal subject matter jurisdiction is not reviewable. However, an order remanding on procedural grounds either upon an untimely motion or *sua sponte* more than 30 days after removal, since such an order is not authorized by § 1447(c), is reviewable.

■ Finally, we note that because an order remanding a removed action is not a final judgment, the proper vehicle for review is normally mandamus, not appeal. *See Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. at 352–53, 96 S.Ct. at 593–94. This Court has discretion, however, to treat a notice of appeal as a petition for mandamus. *See, e.g., Corcoran v. Ardra Insurance Co.*, 842 F.2d 31, 35 (2d Cir.1988).

*The Present Lawsuit*

Hamilton commenced the present action *pro se* in Connecticut Superior Court in March 1982. In August 1989, he removed the action to federal court; he was allowed to file an amended removal petition in January 1990. Aetna made no motion for a remand to state court, but moved to dismiss the action for lack of subject matter jurisdiction in June 1992. The district court, in an endorsed order dated July 22, 1992, construed Aetna's dismissal motion as one for remand and granted the motion.

Had the district court premised its remand on lack of federal subject matter jurisdiction, the remand order would not be reviewable, and we would dismiss this appeal for lack of appellate jurisdiction. However, in ordering the remand, the court stated only that "[p]laintiff patently lacked the right to remove his own case from state to federal court." Since the court did not address the merits of Aetna's jurisdictional challenge, we construe the order as a ruling that the removal was procedurally improper, not that the action was one over which the court had no subject matter jurisdiction.

Although the court was correct in its observation that there was no authority permitting Hamilton to remove his own action to federal court, that defect was waived by the failure of Aetna, or the court *sua sponte*, to raise the matter within 30 days of removal. Given the passage of more than 30 days without a challenge, the court lacked authority under § 1447(c) to remand the action on that ground. Since the removal order was not authorized by § 1447(c), it is reviewable.

Treating Hamilton's notice of appeal as a petition for mandamus, we reject his contention that the action should not have been remanded to state court. His complaint did

not raise a federal question, and the record indicates that diversity of citizenship was lacking. Accordingly, we affirm the order of remand on the ground that there was no federal subject matter jurisdiction.

CONCLUSION

For the above reasons, the order of the district court remanding the action to state court is affirmed.