James M. MURRAY and Joe Rybkiewicz, Plaintiffs,

v.

HY CITE CORPORATION/ROYAL PRESTIGE and Rita Congdon, Defendants.

No. CV 00–6984(ADS).

United States District Court, E.D. New York.

July 19, 2001.

James M. Murray, Deer Park, NY, Plaintiff Pro se.

Joe Rybkiewicz, Deer Park, NY, Plaintiff Pro se.

Roe Wallace Esteve Taroff & Taitz, LLP by Craig M. Sandles, Patchogue, NY, for Defendant Hy Cite Corporation.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

### I. BACKGROUND

James M. Murray ("Murray") and Joe Rybkiewicz ("Rybkiewicz") (collectively, the "plaintiffs"), who are proceeding *pro se*, commenced this action against Hy Cite Corporation/Royal Prestige ("Hy Cite/Royal Prestige") and Rita Congdon ("Congdon") (collectively, the "defendants") in the Supreme Court of the State of New York, Suffolk County. The plaintiffs alleged that defendant Hy Cite/Royal Prestige entered into a exclusive dealings contract with the plaintiffs, by the terms of which Hy Cite/Royal Prestige gave the plaintiffs the exclusive rights to sell china, crystal, cookware, and flatware distributed by the defendants. The complaint further alleged that defendant Congdon, an employee or agent of defendant Hy Cite/Royal Prestige, terminated the contract without giving the plaintiffs 60 days notice as was required by the terms of their agreement.

The Suffolk County Supreme Court (Gerard, J.) dismissed the action on October 13, 1998, on the ground that it had been brought *pro se* on behalf of two corporations, which cannot proceed *pro se* pursuant to New York Civil Practice Law and Rules ("CPLR") section 321(a). The plaintiffs filed a motion for reconsideration, which the Suffolk County Supreme Court considered as a motion for summary judgment, and which that court denied in a decision and order dated March 18, 1999.

From March 18, 1999, through March 27, 2000, the procedural history of the case is vague, as neither the plaintiffs nor the defendants have submitted papers or decisions explaining the proceedings that may have occurred during that period in state court. However, it appears that on March 27, 2000, the Supreme Court issued another decision denying the plaintiffs' motion for reargument of a previous motion.

On April 6, 2000, the plaintiffs filed a notice of appeal to the Appellate Division, Second Department, from the March 27, 2000 order denying their motion for reargument. The plaintiffs moved for a summary reversal of the March 27, 2000 order and for sanctions. In a decision and order dated June 2, 2000, the Second Department denied the plaintiffs' motion. The plaintiffs then moved to reargue their motion for summary reversal and sanctions, and the Second Department denied that motion in a decision and order dated September 11, 2000.

On or about September 19, 2000, the plaintiffs filed a motion in the Appellate Division, Second Department, requesting relief from the March 27, 2000 order of the Supreme Court pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."). The defendants filed opposition papers as well as a cross motion, and in a decision and order dated November 14, 2000, the Second Department, on its own motion, dismissed the plaintiffs appeal for failure to timely perfect.

On November 27, 2000, the plaintiffs filed a notice of removal, alleging that their state-court action should be removed to this Court on the ground that the state-court proceedings deprived them of their equal protection rights. In papers dated

December 18, 2000 and filed in this Court, the defendants opposed the removal petition. Subsequently, on March 30, 2001, the plaintiffs moved in this Court for an order allowing them to recover their costs and imposing sanctions on the defendants. On the same date, the defendants filed their papers in opposition and requested that they be awarded costs for having to oppose the motion. The instant memorandum and order pertains to both the validity of the removal petition as well as the motion for sanctions.

## II. *DISCUSSION*

■ A civil action may be removed from state court to federal court when the removing party complies with the procedure established by Congress. *See* 28 U.S.C. §§ 1441–1452. A case that has been removed other than in accordance with the requirements of the removal statute should be remanded to state court. *See Hamilton v. Aetna Life & Cas. Co.,* 5 F.3d 642, 643 (2d Cir.1993). A party seeking remand based on a defect in the removal procedure must move for that relief within 30 days after the notice of removal has been filed. *See* 28 U.S.C. § 1447(c); *Hamilton,* 5 F.3d at 643. Here, the plaintiffs filed their notice of removal on November 27, 2000, and the defendants filed their motion for remand on December 18, 2000. The defendants' motion for remand was filed within thirty days of the plaintiff's notice of removal and is properly before this Court. *See* 28 U.S.C. § 1447(c); *Hamilton,* 5 F.3d at 643.

■ The burden of establishing that a case has been properly removed is solely on the removing party. *See Varela v. Flintlock Construction, Inc.,* 148 F.Supp.2d 297, 298 (S.D.N.Y.2001); *Steinberg v. Nationwide Mutual Ins. Co.,* 91 F.Supp.2d 540, 543 (E.D.N.Y.2000); *Nicola Prod. Corp. v. Showart Kitchens, Inc.,* 682 F.Supp. 171, 173 (E.D.N.Y.1988). Here, the Court finds that the plaintiffs have not met that burden. First, only defendants have the authority to remove an action to federal court. While several sections of the United States Code permit defendants to remove actions brought against them in state court, *see* 28 U.S.C. §§ 1441, 1446(a), no section gives plaintiffs that authority. *Hamilton,* 5 F.3d at 643 (affirming an order to remand to state court because the plaintiff lacked the authority to remove his own action). The plaintiffs in this case were the plaintiffs in the state-court case, and therefore, they lack the authority to remove the action. *See* 28 U.S.C. §§ 1441(a), (b), 1443(a); *Hamilton,* 5 F.3d at 643.

■ Second, this case was not properly removed, because the notice of removal was not filed within the required period of time. A defendant seeking removal of a civil action from state court must file a notice of removal within 30 days after receiving the initial pleadings. 28 U.S.C. § 1446(b). Failure to file within the 30-day filing period leads to an automatic defeat of the removal petition. *See Bertrand v. Vingan,* 899 F.Supp. 1198, 1199 (S.D.N.Y.1995) (noting that a defendant seeking removal must strictly comply with the statutory requirements); *Nicola Prod. Corp.,* 682 F.Supp. at 172.

The plaintiffs' initial complaint was filed in the Supreme Court in May 1998. It is apparent that the defendants received the complaint shortly thereafter. The plaintiffs filed their notice of removal on November 27, 2000, two and one-half years later. The plaintiffs have removed this case well past the 30-day time period within which a notice of removal may be properly filed. Thus, the plaintiffs have failed to comply with the requirements of the removal statute, because: (1) as the plain-

tiffs, they have no authority to remove an action from state court; and (2) the notice of removal is time barred. *See* 28 U.S.C. §§ 1441, 1446. For these reasons, the Court remands this case to Supreme Court, Suffolk County, on the ground that the removal procedure in this case was defective.

■ Moreover, even if the plaintiff had complied with the procedural aspects of the removal statute, this Court would nevertheless remand the case. First, the plaintiffs are attempting to remove a case from a decision and order of the Appellate Division, Second Department. That decision is a final judgment, and as such, may not be removed to this Court to be relitigated. *See Four Keys Leasing & Maint. Corp. v. Simithis,* 849 F.2d 770, 774 (2d Cir.1988) (holding that granting permission to remove a case from a final state-court judgment would subject the judgment to relitigation and "would be a perversion of the removal process"). Accordingly, the Court finds that the present case is not removable.

■ The Court also finds that, contrary to the plaintiffs' claims of a civil rights violation, there is no federal question in this case upon which removal could be based. Actions based upon a state law that deny a person of his or her equal civil rights may be removed to the district courts of the United States. 28 U.S.C. § 1443. However, the removal petition must contain sufficient facts to show that there was such a denial by the state court and a citation or reference to a state law that deprived the petitioner of equal protection. *See Four Keys Leasing,* 849 F.2d at 773. Here, no civil rights violations were alleged nor were any equal protection claims made in the submissions to the state court. Further, in the removal petition, the plaintiffs do not cite or refer to the state law they claim denies their right

to equal protection or suggests that it cannot be enforced. *See Four Keys Leasing,* 849 F.2d at 773. Rather, the plaintiffs merely allege a violation of their right to equal protection in the most vague and conclusory fashion. Accordingly, the Court finds that the petition is insufficient on its face, and the case must be remanded. *See id.* at 774.

As noted above, the plaintiffs filed a motion on March 30, 2001, in which they request costs and sanctions for the defendants' alleged failure to comply with discovery requests. On the same day the defendants filed their affidavit in opposition, in which they requested costs for being forced to respond to the plaintiffs' frivolous discovery motion. On March 30, 2001, United States Magistrate Judge E. Thomas Boyle granted a stay of discovery in this case pending the outcome of the motion for remand. In light of the stay granted by Judge Boyle and the present order directing the remand of this case to Supreme Court, the Court denies all requests for costs and/or sanctions as moot.

## III. *CONCLUSION*

Having reviewed the submissions of the parties, it is hereby

**ORDERED**, that the defendants' motion to remand the action is **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court is directed to remand this case to the Supreme Court of the State of New York, Suffolk County; and it is further

**ORDERED**, that the motion by the plaintiffs for costs and sanctions is **DENIED**; and it is further

**ORDERED**, that the request by the defendants for costs is **DENIED**; and it is further

ORDERED, that the plaintiffs are directed to file no further papers in this Court in regard to this case without prior written permission by the Court; and it is further

ORDERED, that the Clerk of the Court is directed to close this case.

SO ORDERED.