James M. MURRAY, on his own behalf and as Guardian of Jenna Marie Murray, Plaintiffs,

v.

DEER PARK UNION FREE SCHOOL DISTRICT, Ms. Joan Cavanaugh, Principal/John Q. Adams School, and Phyllis Tedeschi, 2nd grade teacher, Defendants.

No. CV 01–4447(ADS).

United States District Court, E.D. New York.

July 28, 2001.

James M. Murray, Deer Park, NY, Plaintiff Pro se.

Wade Clark Mulcahy, New York City by Nicole Y. Brown, for defendants Deer Park Union Free School District, Ms. Joan Cavanaugh, and Phyllis Tedeschi.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

### I. BACKGROUND

James M. Murray ("Murray"), who is proceeding *pro se*, commenced this action, on his own behalf and as Guardian of Jenna Marie Murray ("Jenna"), against the Deer Park Union Free School District (the "School District"), Joan Cavanaugh ("Cavanaugh"), and Phyllis Tedeschi ("Tedeschi") (collectively the "defendants") on February 26, 2001, in the Supreme Court of the State of New York, Suffolk County. Murray alleged that Tedeschi, who was Jenna Murray's second-grade teacher, wrongly accused Jenna of lying about an incident involving another student, causing Jenna mental injury and humiliation.

On or about April 9, 2001, the plaintiffs moved for summary judgment, and subsequently, the defendants cross-moved for summary judgment. In an order dated May 11, 2001, the Supreme Court (Doyle, J.) denied the plaintiffs' motion for summary judgment on the ground that the plaintiffs failed to demonstrate that there were no triable issues of fact. The court also granted the defendants' motion for summary judgment on the ground that the plaintiffs had not shown that they had served a notice of claim on the defendants within 90 days of the date of the incident.

On May 21, 2001, the plaintiffs moved to vacate the order denying their motion for summary judgment. In particular, the plaintiffs argued that the defendants had perpetrated a fraud upon the court by denying that they had received a notice pursuant to General Municipal Law § 50–e. In an order dated June 28, 2001, the Supreme Court denied the motion on the ground that the plaintiffs' contentions were unpersuasive, and the Court could find no other reason to vacate its prior order.

On July 3, 2001, Murray filed a removal petition in this Court. In papers dated July 13, 2001, the defendants opposed the removal petition.

### II. DISCUSSION

A civil action may be removed from state court to federal court when the removing party complies with the procedure established by Congress. *See* 28 U.S.C. §§ 1441–1452. A case that has been removed other than in accordance with the requirements of the removal statute should be remanded to state court. *See Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (2d Cir.1993). A party seeking remand based on a defect in the removal procedure must move for that relief within 30 days after the notice of removal has been filed. *See* 28 U.S.C. § 1447(c); *Hamilton*, 5 F.3d at 643. Here, the plaintiffs filed their removal petition on July 3, 2001, and the defendants filed their opposition to the removal on or about July 16, 2001. The defendants' opposition to the removal was filed within thirty days of the plaintiffs' removal petition and, therefore, is properly before this Court. *See* 28 U.S.C. § 1447(c); *Hamilton*, 5 F.3d at 643.

The burden of establishing that a case has been properly removed is solely

on the removing party. *See Varela v. Flintlock Construction, Inc.,* 148 F.Supp.2d 297, 298 (S.D.N.Y.2001); *Steinberg v. Nationwide Mutual Ins. Co.,* 91 F.Supp.2d 540, 543 (E.D.N.Y.2000); *Nicola Prod. Corp. v. Showart Kitchens, Inc.,* 682 F.Supp. 171, 173 (E.D.N.Y.1998). Here, the Court finds that the plaintiffs have not met that burden. First, only defendants have the authority to remove an action to federal court. While several sections of the United States Code permit defendants to remove actions brought against them in state court, *see* 28 U.S.C. §§ 1441, 1446(a), no section gives plaintiffs that authority. *See Hamilton,* 5 F.3d at 643 (affirming an order to remand to state court because the plaintiff lacked the authority to remove his own action). The plaintiffs in this case were the plaintiffs in the state-court case, and therefore, they lack the authority to remove the action. *See* 28 U.S.C. §§ 1441(a), (b), 1443(a); *Hamilton,* 5 F.3d at 643.

■ Second, this case was not properly removed, because the notice of removal was not filed within the required period of time. A defendant seeking removal of a civil action from state court must file a notice of removal within 30 days after receiving the initial pleadings. 28 U.S.C. § 1446(b). Failure to file within the 30-day filing period leads to an automatic defeat of the removal petition. *See Bertrand v. Vingan,* 899 F.Supp. 1198, 1199 (S.D.N.Y.1995) (noting that a defendant seeking a removal must strictly comply with the statutory requirements); *Nicola Prod. Corp.,* 682 F.Supp. at 172.

The plaintiffs' initial complaint was filed in the Supreme Court on February 26, 2001. The plaintiffs did not file their notice of removal until July 3, 2001, more than four months later. The plaintiffs have removed this case well past the 30-day time period within which a notice of removal may be properly filed. Thus, the plaintiffs have failed to comply with the requirements of the removal statute, because: (1) as the plaintiffs, they have no authority to remove an action from state court; and (2) the notice of removal is time barred. *See* 28 U.S.C. §§ 1441, 1446. For these reasons, the Court remands this case to Supreme Court, Suffolk County, on the ground that the removal procedure in this case was defective.

■ Moreover, even if the plaintiff had complied with the procedural aspects of the removal statute, this Court would nevertheless remand the case. First, the plaintiffs are attempting to remove a case from a decision and order of the Supreme Court, Suffolk County, granting the defendants' motion for summary judgment in its entirety. That decision is a final judgment, and as such, may not be removed to this Court so that the plaintiff can relitigate issues already decided by the state court. *See Four Keys Leasing & Maint. Corp. v. Simithis,* 849 F.2d 770, 774 (2d Cir.1988) (holding that granting permission to remove a case from a final state-court judgment would subject the judgment to relitigation and "would be a perversion of the removal process"). Accordingly, the Court finds that the present case is not removable.

■ The Court also finds that, contrary to the plaintiffs claims of a civil rights violation, there is no federal question in this case upon which removal could be based. Actions brought "[a]gainst any person who is denied or cannot enforce in the [state] courts ... any law providing for the equal civil rights of the citizens of the United States" may be removed to the district courts of the United States. 28 U.S.C. § 1443(1). However, the removal petition must contain specific facts sufficient to show that the defendant will be denied specific equal civil rights in the

state proceeding. *See Four Keys Leasing,* 849 F.2d at 773. Here, Murray's removal petition alleges only that "removing parties is and has been denied by such state court proceeding the rights secured and guaranteed to the removing parties by the laws providing for equal civil rights of citizens of the United States." Murray does not recite any specific facts in support of his vague and conclusory assertion. Accordingly, the Court finds that the petition is insufficient on its face, and the case must be remanded to the Supreme Court, Suffolk County.

Notably, the present case is the fifth one filed by Murray in the past eight months. On November 27, 2000, he filed *Murray v. Hi–Cite Corp.,* 00–CV–6984, which this Court dismissed on July 19, 2001; on December 20, 2000, he filed *Murray v. Pollack,* 00–CV–7505, which is still pending before this Court; on February 5, 2001, he filed *Murray v. Johnson,* 01–CV–635, which is still pending before this Court; on June 1, 2001, he filed *Murray v. Goldman,* 01–CV–3745, which the Court dismissed on June 9, 2001; and on July 3, 2001, he filed the instant action. In addition to pursuing these five cases, in the past eight months, Murray has pursued his first case filed in this Court, *In re James Murray,* 96–CV–3723. In particular, Murray filed two motions for reconsideration of the Court's March 12, 1999, decision affirming the bankruptcy court's dismissal of his Chapter 13 petition. The Court denied both motions. The instant decision is the seventh written decision this Court has issued since June 9, 2001, in a case filed by Murray.

In a decision issued by the Court earlier this week, the Court stated that "Murray would be well-advised to limit his submissions to this Court." The Court also informed Murray that it has the authority to sanction him and to prevent him from filing further lawsuits. *See Malley v. New York City Bd. of Education,* 112 F.3d 69, 69 (1997) (affirming imposition of injunction against future filings in light of litigant's "persistence in pursuing the same meritless claims wherever his papers are accepted by a clerk of court"); *Maduakolam v. Columbia Univ.,* 866 F.2d 53, 56 (2d Cir.1989) (noting that Rule 11 sanctions can be applied to *pro se* litigants, while their status as "untutored in the law" can be taken into account). Given that Murray filed the present suit prior to the Court's warning to rein in his overly-litigious behavior, the Court will not impose sanctions or issue an injunction in response to Murray's filing of the removal petition in this case. However, Murray is on notice that the Court may do so in the future.

## III. *CONCLUSION*

Having reviewed the submissions of the parties, it is hereby

**ORDERED,** that the plaintiffs' removal petition is **DENIED;** and it is further

**ORDERED,** that the Clerk of the Court is directed to remand this case to the Supreme Court of the State of New York, Suffolk County; and it is further

**ORDERED,** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**