**PHOENIX GLOBAL VENTURES, LLC, Plaintiff–Appellee,**

v.

**PHOENIX HOTEL ASSOCIATES, LTD., a California Limited Partnership, Condor Investment Group, a Delaware Corporation and Phoenix Hotel Associates Limited, Defendants–Appellants,**

Central & Adams Management Co.,
a California Corp., Defendant.

Docket No. 04–5713–CV.

United States Court of Appeals,
Second Circuit.

Argued: Aug. 1, 2005.

Decided: Aug. 29, 2005.

Peter M. Levine, New York, NY, for Defendants–Appellants.

Perry S. Reich, West Babylon, NY, for Plaintiff–Appellee.

Before: POOLER and SOTOMAYOR, Circuit Judges, and KORMAN, Chief District Judge.[1]

PER CURIAM.

Defendants-appellants Phoenix Hotel Associates, Ltd., Condor Investment Group, and Phoenix Hotel Associates Limited (collectively, "Associates") appeal from the October 19, 2004, order of the United States District Court for the Southern District of New York (Richard J. Holwell, *J.*) remanding the suit of plaintiff-appellee Phoenix Global Ventures, LLC ("Ventures"), to New York Supreme Court pursuant to 28 U.S.C. § 1447(c) for defects in the prior removal to federal court.

Associates do not contest that the notice of removal was defective, but instead argue that the motion for remand was untimely under 28 U.S.C. § 1447(c). We extend the rule of *Somlyo v. J. Lu–Rob Enters., Inc.,* 932 F.2d 1043, 1048–49 (2d Cir.1991), which recognizes the inherent authority of a district court to overlook violations of, or depart from, its own local rules, to permit a district court similarly to overlook failures to comply with requirements of its electronic filing system. Thus, the district court may, in its discretion, deem the motion made on the date that the motion would have been filed but for failure to comply with requirements of the electronic filing system. We hold that the district court did not abuse its discretion in deeming the remand motion at issue here to be filed as of the time of Ventures's second attempt to file. We therefore affirm.

## BACKGROUND

Ventures filed suit against four defendants in New York Supreme Court. Associates filed a notice of removal to federal court on June 25, 2004, but the fourth defendant did not join the notice. John P. Gulino, the trial attorney for plaintiff-appellee, stated in an affirmation that thirty days later, on July 26, 2004, he attempted to file a motion to remand pursuant to 28 U.S.C. § 1447. On his first attempt, the Southern District's electronic case filing system ("ECF system") rejected his filing because his exhibits were too large. Gulino corrected this error and made a second attempt, upon which he "was assured" that the filing was successful. The next day, he learned that the ECF system had rejected his filing due to an invalid hearing date. He made a third attempt to file, which succeeded.

Associates opposed the motion for remand on grounds that it was untimely filed. The district court deemed the motion timely filed and granted the motion on its merits. Associates now appeal.

## DISCUSSION

We begin with a brief discussion of our appellate jurisdiction. While 28 U.S.C. § 1447(d) generally forecloses appellate review of a remand order, the Supreme Court held that where a district court remanded on grounds not authorized by the

---

1. The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

statute, the remand order was reviewable through the writ of mandamus. *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 351, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). Subsequently, we applied this holding to permit mandamus review of an order made on an untimely motion, as such an order would not be authorized by the statute. *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 644 (2d Cir.1993). We further noted that we had discretion to treat a notice of appeal as a petition for a writ of mandamus, *id.*, discretion that we would exercise here. More recently, the holding of *Thermtron* regarding the finality of an order of removal was called into question by *Quackenbush v. Allstate Ins. Co.*, which held that the remand order in that case was a final order from which appeal could be taken under 28 U.S.C. § 1291. 517 U.S. 706, 714–15, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). We need not decide the question of whether *Hamilton* or *Quackenbush* controls here, as in either case we would have the power to review the present case.

■ Under 28 U.S.C. § 1447(c), to avoid waiver of any procedural defects in the notice of removal, a motion for remand must be filed within thirty days of the filing of the notice of removal. *Hamilton*, 5 F.3d at 643–44. This deadline is plainly mandatory. *See* 28 U.S.C. § 1447(c). However, we have never held it to be jurisdictional, nor is there any statutory language that purports to limit the court's power to consider an overdue motion. *Cf. Somlyo*, 932 F.2d at 1046 (holding that the similar thirty-day deadline for a notice of removal under 28 U.S.C. § 1446(b) is man-

datory and rigorously enforced, but not jurisdictional).

Here, Gulino's first two attempts to file the remand motion were within the deadline, but his third, successful attempt was not. Ventures's sole argument on appeal is that the district court's decision to excuse this failure was within its inherent power to waive compliance with the court's local rules.[2]

Ventures relies primarily on our holding in *Somlyo*. In that case, we considered the closely related thirty-day deadline of 28 U.S.C. § 1446(b) for filing a notice of removal. We held that the procedures for filing are properly dictated by the local rules of the relevant district court, reasoning that neither Section 1446, Federal Rule of Civil Procedure 5(e), nor case law defined the meaning of "filed," leaving the district court's local rules as the only authority for determining when a case was "filed." *Somlyo*, 932 F.2d at 1046–47. We then went on to hold that a district court has inherent authority to determine when to overlook or excuse a departure from its own local rules, regardless of whether such departure is authorized in the local rules or not. *Id.* at 1048–49. We held that this authority is a matter of discretion to be guided by whether strict application of the local rules would lead to an unjust result. *Id.* at 1049.

■ A similar analysis applies here. Section 1447 does not give any guidance on when a motion is "made." The Federal Rules of Civil Procedure do give more guidance, requiring that a motion be "made" in writing if not during a hearing or trial. Fed.R.Civ.P. 7(b)(1). Any motion made in writing, other than ex parte mo-

---

2. The district court further relied on Procedures for Electronic Case Filing ¶ 11, which permits a party to seek relief from the district court if its filing is made untimely due to technical error, and on the doctrine of equita- ble tolling. These issues were not fully developed in Ventures's brief, and because of our disposition of the local rules issue, we need not address them here.

tions, must be served on the other party and "filed" with the court. Fed.R.Civ.P. 5(a), (d). Thus, non-trial motions are "made" when "filed," and the making of a non-trial motion therefore is governed by local rules to the same extent as the filing of a notice of removal.

■ Of course, the strictures of the ECF system are not, strictly speaking, local rules of the district court. But if a district court has inherent authority to waive its local rules, which have the "force of law," *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir.2001), then *a fortiori* it has the inherent authority to waive quirks of its procedural mechanisms, which do not even rise to the level of legal requirements. We therefore extend *Somlyo* to permit district courts to excuse failures to comply with rules enforced by its local electronic case filing system for purposes of determining when a motion was made.

We emphasize that we are not, as Associates claim, carving out an exception to the mandatory deadline of Section 1447. The district court did not have authority to do so, and it did not do so here. Our decision today simply recognizes the district court's authority to excuse Gulino's failure to comply with the ECF system requirements and thus deem the motion made at the time when, but for this noncompliance, the motion would have been made. *See Wight v. Bankamerica Corp.*, 219 F.3d 79, 85–86 (2d Cir.2000); *Somlyo*, 932 F.2d at 1046–48.

■ As a result, the district court was entitled to excuse both the file size and hearing date errors in its discretion, guided by whether strict application of these requirements would cause an unjust result. *See Somlyo*, 932 F.2d at 1049; *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir.1995). The district court did not explicitly frame its analysis in these terms. It nonetheless reasoned that "it would be

unduly harsh to penalize [Ventures] for the electronic communications that apparently broke down," and in part due to this fact, concluded that the "motion to remand is deemed filed on July 26, 2004, and is therefore timely."

We see no abuse of discretion in this reasoning. It is uncontested and obvious that the notice of removal suffered from procedural defects. While Gulino may have been unwise to wait until the last day to file via an unfamiliar ECF system, he was within his rights to do so. Associates have never identified any prejudice arising from the one-day delay in their receipt of the remand motion. The district court was well within its discretion to determine that holding Ventures to the technical ECF system requirements would have worked an injustice. *See Somlyo*, 932 F.2d at 1049 ("[I]t is the business of the district court to determine whether fairness demands that noncompliance be excused.").

■ Associates argue that there was no evidence corroborating Gulino's attempt to file. In reviewing district court decisions for abuse of discretion, we review the underlying factual findings for clear-error. *United States v. Garcia*, 413 F.3d 201, 222 (2d Cir.2005). In turn, clear error review mandates that we defer to the district court's factual findings, particularly those involving credibility determinations. *See Joseph Brenner Assocs., Inc. v. Starmaker Entm't, Inc.*, 82 F.3d 55, 57 (2d Cir.1996). Gulino submitted a statement that affirmed his account to be true on penalty of perjury. Associates never requested an evidentiary hearing or otherwise tested this statement below. It is apparent that the district court credited this account, although it did not say so explicitly. While Gulino's statement is, as Associates point out, slightly vague and phrased in the passive voice, we do not find this sufficient to

make the district court's acceptance of Gu-
lino's statement clearly erroneous.

## CONCLUSION

For the foregoing reasons, the judgment
of the district court is affirmed.