**BANK OF AMERICA NATIONAL ASSOCIATION, Plaintiff,**

v.

**Fabiola DERISME, Defendant.**

**No. 3:10cv785 (MRK).**

United States District Court,
D. Connecticut.

Aug. 10, 2010.

Geoffrey K. Milne, Jeffrey M. Knickerbocker, Hunt Leibert Chester & Jacobson, Hartford, CT, for Plaintiff.

Fabiola Derisme, Easton, CT, pro se.

### RULING AND ORDER

MARK R. KRAVITZ, District Judge.

This is the first of two mortgage foreclosure actions that the *pro se* Defendant has attempted to remove from the Connecticut Superior Court to this Court. *See Bank of America Nat'l Ass'n v. Derisme*, No. 3:10cv900 (MRK) (D. Conn. filed June 8, 2010).[1] Fabiola Derisme was Defendant's legal name when she signed the mortgage agreement at issue in this case. Before this case was filed in the Connecticut Superior Court, Defendant changed her name to Fabiola Is Ra El Bey upon joining the Moorish Science Temple, a heterodox Islamic sect founded in 1913 by prophet Noble Drew Ali. *See United States v. James*, 328 F.3d 953, 954 (7th Cir.2003).[2]

1. Defendant is also the plaintiff in two related cases pending before this Court. *See Derisme v. Hunt Leibert Jacobson P.C.*, No. 3:10cv244 (D. Conn. filed Feb. 19, 2010); *Derisme v. Hunt Leibert Jacobson P.C.*, No. 3:10cv23 (MRK) (D. Conn. filed Jan. 7, 2010). Hunt Leibert Jacobson P.C. ("Hunt Leibert"), the law firm that represents Plaintiff in the two removal cases, is the defendant in the other two cases. *See id.*

2. Several of Fabiola Is Ra El Bey's legal arguments relate to her status as a member of the Moorish Science Temple. Readers seeking more information about the legal views espoused by the Moorish Science Temple may refer to this Court's recent decision in *McLaughlin v. CitiMortgage*, 726 F.Supp.2d 201, 2010 WL 2377108 (D.Conn. June 11, 2010).

Out of respect for Defendant's religious beliefs, the Court refers to her throughout this Ruling and Order as Fabiola Is Ra El Bey.

On May 19, 2010, Fabiola Is Ra El Bey filed a Petition of Removal [doc. # 1] purporting to remove this foreclosure action from the Connecticut Superior Court to the United States District Court for the District of Connecticut. Plaintiff Bank of America National Association ("Bank of America") filed its Motion for Remand [doc. # 8] on June 18, 2010. For the reasons set forth below, Bank of America's Motion for Remand [doc. # 8] is GRANTED. Fabiola Is Ra El Bey's Motion for Leave to Proceed *In Forma Pauperis* [doc. # 3] is also DENIED as moot.

## I.

The following facts are taken from Fabiola Is Ra El Bey's Petition of Removal and from the various documents attached to that Petition. This Court ordinarily assumes the parties' familiarity with the facts, and sets forth only those facts that are necessary for resolution of a pending motion. *See, e.g., Silvera v. Conn. Dep't of Corrs.*, 726 F.Supp.2d 183, 186–87, 2010 WL 2232471, at *2 (D.Conn. May 27, 2010). However, in this Ruling and Order the Court sets forth the facts in greater detail, both because Fabiola Is Ra El Bey has submitted a bewildering amount of material for the Court to review and because neither Fabiola Is Ra El Bey nor Bank of America has provided the Court with an adequate summary of the facts.

This case concerns a mortgage on property located at 85 Westport Road in Easton, Connecticut. On July 24, 2006, Fabiola Is Ra El Bey signed a note promising to pay SunTrust Mortgage, Inc. ("SunTrust") $372,000.00 in exchange for a loan. *See* Ex. Pt. A to Pet. of Removal [doc. # 1–3] at 2–4. In the note, she promised to pay $2,633.00 to SunTrust—or to anyone who took the note from SunTrust by transfer—on the first day of each month until the loan was fully repaid. *See id.* The same day, she signed an instrument conveying the 85 Westport Road property to SunTrust's nominee, Mortgage Electronic Registration Systems, Inc. ("MERS"), as security for repayment of the note. *See id.* at 6–21.

A conflict arose between Fabiola Is Ra El Bey and SunTrust sometime in early 2009. On April 20, 2009, she wrote a letter to SunTrust. *See* App. Attach. Pt. B to Pet. of Removal [doc. # 1–2] at 50. In the letter, she identified herself as "Fabiola Derisme inhabitant located in Fairfield County, Connecticut Republic being natural flesh and blood Woman of the American Republic Nation," and wrote:

> In light of careful examination of the mortgage documents given to me on 24th July 2006, I do now hereby serve NOTICE to cancel [the mortgage]. This notice is being given based on the fact that you failed to fully disclose as required by the Trust–in–Lending Act.... I was not informed that my signature created the funds and that said funds were never in existence prior to 24th July 2006.... Further, I was not informed that I was signing an illegal contract.

*Id.*[3] She sent three additional documents to SunTrust on April 24, 2009: a "Notice of

---

**3.** The content of the April 20, 2009 letter suggests that by that date, Fabiola Is Ra El Bey had already become a subscriber to the "vapor money" theories espoused by members of the Moorish Science Temple. *See McLaughlin*, 726 F.Supp.2d at 211–13, 2010 WL 2377108, at *9–10. "The essence of the 'vapor money' theory is that promissory notes (and similar instruments) are the equivalent of 'money' that citizens literally 'create' with their signatures." *Id.* at 212, at *10.

Removal" which purported to "remov[e] and terminat[e] [SunTrust and MERS] from any/all duties and forever bar[ ]/estop[ ] the aforesaid from any further appointments or assignments originally granted or contained within the Mortgage Deeds concerned herein"—that is, to prevent SunTrust and MERS from transferring the note, *id.* at 5–6; a "Notice of Revocation of Power of Attorney" stating that "due to the discovery of various elements of fraud, fraudulent inducement, fraudulent misrepresentation, entrapment, and nondisclosure resulting in the deprivation of our property ... [I] hereby revoke, rescind, and terminate all my signatures relating to any/all said deeds, notes, and agreements from their inception," *id.* at 9; and a "2nd Notice of Right to Cancel" offering to release SunTrust from liability for its allegedly wrongful actions if SunTrust agreed to forgive the full amount of the loan. *Id.* at 51–52.

Fabiola Is Ra El Bey's effort to unilaterally terminate her three-year-old loan agreement with SunTrust was unsuccessful. On May 6, 2009, SunTrust sent a notice to her informing her that she was in default on the loan and owed SunTrust $14,326.87. *See* Ex. Pt. A to Pet. of Removal [doc. # 1–3] at 23–24. In the notice, SunTrust informed Fabiola Is Ra El Bey that if she did not pay the total amount due within thirty days, SunTrust would accelerate the entire balance of her loan and institute foreclosure proceedings. *See id.* SunTrust also informed her of her right to bring a court action at any time to assert the non-existence of default or any other defense to the acceleration of the balance and the sale of her property. *See id.*

After she received the notice of default from SunTrust, Fabiola Is Ra El Bey sent a "Request for Accounting" to SunTrust. *See* App. Attach. Pt. B to Pet. of Removal [doc. # 1–2] at 22. The request stated as follows:

To date, I have not received a response from SUNTRUST regarding my notices. Instead, SUNTRUST sent me a letter of default for a loan I have not received, and a loan that SUNTRUST WAS not authorized to offer. In addition, SUNTRUST entered into fraudulent and illegal contracts with me, contracts I was not aware of at the time as being such.... In response to SUNTRUST's fraudulent BREACH LETTER and illegal and fraudulent collection effort, please take Notice that FABIOLA DERISME, needs the information set forth in this Request before she or her Authorized Representative can make an Offer to Settle this Account.

*Id.* at 22–23. The request then set forth a list of forty-nine questions for SunTrust to answer, and concluded: "Upon failure or refusal ... to comply with this legal Request for Accounting ... SUNTRUST MORTGAGE agrees to waive all claims against the debtor named herein...." *Id.* at 27. Ms. Is Ra El Bey signed the request: "Without Prejudice, Under Reserve Fabiola: Derisme, Secured Party/Creditor and Authorized Representative to FABIOLA DERISME." *Id.*

Fabiola Is Ra El Bey apparently experienced a religious conversion in July 2009. On July 1, she signed a document pledging her allegiance to the Moorish Holy Temple of Science of the World/Free and Sundry Moorish Science Temple of America along with the Moorish Divine and National Movement of the World. *See id.* at 3–5. The document set forth various rules for members of the Moorish Science Temple to follow, including rules regarding dress, medical treatment, and drug use. *See id.* at 4. More significantly for this Court's purposes, it stated:

Although we have a non-obligatory respect for the laws of the local city, state and federal government, we, the Moor-

ish Holy Temple of Science are only fully obligated to the laws which governs [sic] our body politic, its Constitution and the Organic Constitution of the united states of America Republic (1791) specifically article VI (Treaties) of said Constitution.... We claim our preexisting right to Autonomy and Constitutional Immunity.... As mandated by our doctrine, We have claimed, reclaim, and proclaim attributes which describe our Free National Descent Name of our Fore Fathers because by honoring our Mothers and Fathers our days may be long in the land. We also have revoked, rescinded, relinquished and hereby declare the legal fiction, nom de guerre, Straw man dissolute and from this day forth shall be known as Civiliter Mortus. *Id.* at 3–4. The same day, Fabiola Is Ra El Bey filed a "Proclamation/Declaration of Nationality and Free National Descent Name," taking the name "Fabiola Is Ra El Bey." *See id.* at 28. On July 20, 2009, the newly-renamed Fabiola Is Ra El Bey signed a "Judicial Notice and Proclamation" addressed "To All Elected United States Republic Officials and Public Servants of Federal, State, City, and Municipal Governments" asserting her "full Birthrights" as an "Aboriginal and Indigenous" person, including the right to be free from the jurisdiction of state courts. *Id.* at 1–4.

After her religious conversion, Fabiola Is Ra El Bey began signing all communications related to the mortgage as the "Authorized Representative" of "FABIOLA DERISME." *See, e.g., id.* at 49. On July 23, 2009, Fabiola Is Ra El Bey sent a "Notice of Adequate Assurance of Due Performance" to SunTrust signed "Fabiola Is Ra El Bey, All Rights Reserved, Secured Party Creditor and Authorized Representative for FABIOLA DERISME." *Id.* at 20. On July 24, 2009, she sent SunTrust a "Notice of Breach of Agreement (Concealment)" in which she in-

formed SunTrust that she believed it had breached the mortgage agreement by, *inter alia*, failing to "follow generally accepted accounting principles." *Id.* at 48. The same day, she sent SunTrust a "Qualified Written Request, Complaint, Dispute of Debt and Validation of Debt Letter, TILA [Truth in Lending Act] Request" in which she claimed that "[a]n initial mortgage audit has turned up certain TILA violations and with all the news lately regarding the stories of predatory lending, you have left me feeling that there is something to hide." *Id.* at 28. On July 29, 2009, Fabiola Is Ra El Bey also recorded a power of attorney designating herself as the "private attorney in fact" of "FABIOLA DERISME HENRY Debtor, Grantor, and Principal." *See* App. Attach. Pt. A to Pet. of Removal [doc. # 1–1] at 24–25.

Sometime before August 2009, Bank of America acquired the note secured by the mortgage on Fabiola Is Ra El Bey's property. On August 5, 2009, Bank of America filed this mortgage foreclosure action in the Connecticut Superior Court, along with a *lis pendens* notice. *See id.* at 13–20. When Fabiola Is Ra El Bey received a summons, she returned it to Bank of America's counsel Hunt Leibert with a handwritten note scrawled on it:

Rejection of Offer for Contract. Date Received: 8/6/2009. Your Offer of Contract is hereby rejected and returned to you unsigned in full accord with the general rules of 3 days right to cancel, Regulation Z Truth in Lending, and all applicable Common Law, Federal and or state laws. Any further correspondence MUST be signed under the Penalty of Perjury. If you are representing FABIOLA DERISME, you are FIRED!

*Id.* at 21. On August 12, 2009, Fabiola Is Ra El Bey sent an impassioned letter to Bank of America and Hunt Leibert de-

manding proof that Bank of America had acquired the note:

> It is very ominous that you can do business with someone for nearly three years ad then someone else sues you. If Bank of America was assigned this loan why did they not inform the alleged debtor? Even more sinister is the fact that Bank of America wants to foreclose without even recording their so called assignment. With all the corruption in the Banking industry today, especially concerning mortgages, how can Bank of America drag a Secured Creditor into a Debtor's court without even as much as a recorded assignment? I am not the Debtor you are. I am the one who is owed a performance.

App. Attach. Pt. B to Pet. of Removal [doc. # 1–2] at 12. The letter included a list of 127 questions which she demanded Bank of America answer. *See id.* at 13–19.

On August 26, 2009, Fabiola Is Ra El Bey filed her initial notice of appearance in the Superior Court. *See id.* at 38. She altered the form she received from the court, which originally read "Appearance," to read "Special Appearance," and further altered the phrase "Notice to Self–Represented Parties (Pro Se)" to read "Notice to In Propria Persona Parties (NOT Pro Se)." *Id.*[4] Fabiola Is Ra El Bey identified herself on the form as "Attorney–In–Fact for FABIOLA DERISME." *Id.*

Fabiola Is Ra El Bey has been an active participant in the Superior Court litigation since August 2009. The same day she entered her initial appearance, she moved to dismiss Bank of America's complaint.

*See id.* at 46–59. In her motion to dismiss, she argued that her transaction with SunTrust had been "cancelled" when her signature was "rescinded" from the contract; *see id.* at 47; that Bank of America failed to provide proof that the note had ever been assigned to it by SunTrust, *see id.* at 47; that the Superior Court lacked personal jurisdiction over her as an "Aboriginal/Indigenous Natural Person," *id.* at 47–48 (citing, *inter alia*, a draft version of the United Nations Declaration on the Rights of Indigenous Peoples, G.A. Res. 61/295, U.N. Doc. A/RES/47/1 (Sept. 13, 2007)); and that the Superior Court lacked subject matter jurisdiction to hear the case because it arose under federal law and was an admiralty case. *See id.* at 48–49.[5]

Throughout the litigation in the Superior Court, Fabiola Is Ra El Bey questioned the legitimacy of the court. On August 31, 2009, she filed a "Writ in the Nature of Discovery" in the Superior Court:

> Henceforth, FABIOLA DERISME demands the following as proof that this said Court is operating legally in accordance with the Constitution of the United States and request the following in discovery: 1. Provide FABIOLA DERISME with a copy of the certified Delegation of Authority granted to the Superior Court of Fairfield from Congress to ordain and establish the said Superior Court.

*Id.* at 36–37. In November 2009, she filed a "Notice of Dishonor" addressed to the Clerk of the Court chastising the court for failing to respond to the "Writ in the Nature of Discovery." *See* Ex. Pt. A to Pet.

---

4. Fabiola Is Ra El Bey insists on the use of the phrase *in propria persona*—Latin for "in one's own person"—rather than *pro se*— meaning to represent oneself. However, the two phrases are in fact interchangeable. *See* Black's Law Dictionary 863, 1341 (9th ed. 2009); *see also McLaughlin,* 726 F.Supp.2d at 210–11, 2010 WL 2377108, at * 8.

5. Members of the Moorish Science Temple apparently believe that maritime law is the only law of the land, and that all civil cases are thus admiralty cases. *See McLaughlin,* 726 F.Supp.2d at 211–12, 2010 WL 2377108, at *9.

of Removal [doc. # 1–3] at 69–70. On February 16, 2010, she filed an "Affidavit of Specific Negative Averment" in which she argued, *inter alia*, that "[t]here is no evidence in fact that the Superior Court of Fairfield has jurisdiction over living souls." Ex. Pt. B to Pet. of Removal [doc. # 1–4] at 32–36.

Fabiola Is Ra El Bey also repeatedly alleged that Bank of America and Hunt Leibert were attempting to defraud the court. On November 4, 2009, she filed an "Affidavit of Facts" with the Superior Court alleging that the copy of the loan note submitted to the court by Bank of America was a counterfeit:

> In regards to any instrument dated July 24th, 2006 Fabiola Is Ra El can say without a shadow of a doubt that No representative from BANK OF AMER-ICA, NA, or HUNT LEIBERT JACOB-SON, PC was present at the signing and therefore they cannot give any firsthand account of what the Original wet ink signature documents looked like at clos-ing. This IS NOT THE INSTRU-MENT that was signed. As a matter of fact, this is not even an instrument. This is a COUNTERFEIT!

*See* Ex. Pt. A to Pet. of Removal [doc. # 1–3] at 2–4. The same day, she filed a "JUDICIAL NOTICE" in which she "in-vited" the court to enforce various federal laws against Bank of America and Hunt Leibert, including the National Bank Act of 1863, 12 Stat. 665, which was repealed in 1864. *See* 13 Stat. 99. *See* App. Attach. Pt. A to Pet. of Removal [doc. # 1–1] at 43–45. Fabiola Is Ra El Bey also sent a letter to the Connecticut Attorney General and to the Connecticut Department of Banking about Hunt Leibert:

> You are hereby officially Noticed that HUNT LEIBERT, JACOBSON, PC is engaging in Deceptive Practices and is hereby demanded to Cease and Desist all Collection activities (including litiga-tion) immediately. You have *not* sent an Initial Communication Letter stating that you are a collection agency and that I have a right to have this alleged debt validated. Because you have failed to send the Initial Communication Letter as required by Federal Law the alleged and fraudulent complaint entered in the alleged court at Bridgeport serves as the Initial Communication Letter as ruled by the FTC.

*See* App. Attach. Pt. A to Pet. of Removal [doc. # 1–1] at 39–40. The letter to the Connecticut officials also included a "Warning to Any Alleged Court": "Any allege [sic] judge or court that allows HUNT, LIEBERT [sic], JACOBSON, PC to proceed with any Collection Activity regarding this matter will be guilty of treason, and the same will be brought up on charges of Misprison of Felony." *See id.* at 41 (internal citation omitted).

The Superior Court held a hearing to consider Fabiola Is Ra El Bey's motion to dismiss on February 19, 2010. At the hearing, the judge asked Fabiola Is Ra El Bey to identify herself, and asked if she was a defendant in the case. *See* Exhibit Part B to Petition of Removal [doc. # 1–4] at 11. In response, Ms. Is Ra El Bey explained that she was attending on a "special appearance" as the "authorized representative" of Fabiola Derisme. *Id.* at 11–12. When the judge informed Fabiola Is Ra El Bey that she could not represent someone else since she was not an attor-ney, Fabiola Is Ra El Bey said that she was "a third party intervener representing my interest" in the case—specifically, "one hundred billion dollars." *Id.* at 12. The court then immediately directed the Mar-shal to remove Fabiola Is Ra El Bey from the courtroom. *Id.* at 12. On February 24, 2010, the Superior Court sustained Bank of America's objection to her motion to dismiss, and denied the motion. *See id.* at 38.

After the court's decision, Fabiola Is Ra El Bey continued to submit filings arguing that the Superior Court lacked personal jurisdiction and subject matter jurisdiction. On March 3, 2010, she filed an "Affidavit of Default" in which she argued that the Superior Court should dismiss the complaint for lack of subject matter jurisdiction because Bank of America had not responded to her February 16, 2009 "Affidavit of Specific Negative Averment." *See id.* at 41–43. She also filed an "Affidavit of Facts" repeating the arguments she raised in support of her motion to dismiss. *See id.* at 44–47. On March 10, 2010, Fabiola Is Ra El Bey filed a Petition to Reargue/Reconsider or Overturn. *See id.* 15–26. On April 6, 2010, the court granted her motion to reargue the motion to dismiss. *See id.* at 61. The court held an oral argument regarding the motion to dismiss on May 5, 2010. *See* Pet. of Removal [doc. # 1] at 3.

On May 6, 2010, the court again denied the motion to dismiss. *See* Ex. Pt. B to Pet. of Removal [doc. # 1–4] at 48. In its second order denying the motion to dismiss, the judge clarified that "Fabiola Is Ra El Bey" and "Fabiola Derisme" were, in fact, the same person, and therefore Fabiola Is Ra El Bey was the defendant. According to Fabiola Is Ra El Bey, she did not become aware that she was herself the defendant in this case until she received a copy of the Superior Court judge's order on May 10, 2010.

Fabiola Is Ra El Bey filed her Petition of Removal nine days later, on May 19, 2010. On June 10, 2010, this Court issued an Order [doc. # 4] directing the parties to address the timeliness of removal. On June 16, 2010, Fabiola Is Ra El Bey filed a Petition for Preliminary Injunction/Temporary Restraining Order As Appropriate Relief Under the Religious Freedom Restoration Act [doc. # 6], in which she asked this Court to issue a restraining order

against itself to prevent it from remanding the case to the Superior Court, and argued that the Court's June 10, 2010 Order [doc. # 4] constituted improper legal advice from the Court to Bank of America. Fabiola Is Ra El Bey later clarified that "[i]t was the clerk of the Court who insisted that the Injunctions [sic] had to be submitted the way it eventually was" and that "Fabiola Is Ra El: Bey would never be so audacious or foolish as to ask Your Honor to pass an injunction on himself...." Reply to Order Construing Pet. for Prelim. Inj. as Resp. to Timeliness Issue [doc. # 10] at 2.

Bank of America filed its Motion for Remand on June 18, 2010. In the motion, Bank of America argues: (1) that 28 U.S.C. § 1441(b) prohibits Fabiola Is Ra El Bey from removing this action on the basis of diversity of citizenship because she is a citizen of Connecticut, *see* Mem. in Supp. of Pl.'s Mot. for Remand [doc. # 8–1] at 1–2; and (2) that the case should be remanded for lack of subject matter jurisdiction as there is no other basis for removal. *See id.* at 2. The Court agrees.

## II.

█ Bank of America does not argue that the untimeliness of Fabiola Is Ra El Bey's Petition is a ground for remanding this case to the Superior Court. The Court agrees with Fabiola Is Ra El Bey that the timeliness of removal is a procedural defect which may be waived by a defendant. *See Hamilton v. Aetna Life and Cas. Co.,* 5 F.3d 642, 643–44 (2d Cir. 1993). Since thirty days have now passed since she Fabiola Is Ra El Bey filed her Petition, and Bank of America has not objected based on timeliness, Bank of America has waived the argument that her Petition was untimely.

The Court nevertheless believes it is appropriate to comment on Fabiola Is Ra

El Bey's argument that this Court's Order directing the parties to address timeliness constituted improper legal advice from the Court to Bank of America. *See* Objection to Mot. for Remand [doc. #12] at 3–5. Within thirty days after a defendant attempts to remove a case to federal court, this Court has the authority under 28 U.S.C. § 1447(c) to remand the case *sua sponte* based on a procedural defect. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006). This Court's usual practice upon finding a potential procedural defect in a removal filing is to give notice to the parties and allow them to brief the issue themselves, rather than to remand *sua sponte*. The Court is confident that its power to remand *sua sponte* based on a procedural defect also necessarily includes the lesser power to inform the parties about the potential defect, and to ask for their comment on the potential defect.

While Bank of America waived the argument that Fabiola Is Ra El Bey's filing was untimely, there can be little doubt that the Petition was indeed untimely. The only reason Fabiola Is Ra El Bey asserts for filing much later than thirty days after she received a summons to appear in the Superior Court is that "[b]ecause the Plaintiff artfully pled by ignoring the notices and sued in a fictitious name, Fabiola Is Ra El: Bey was not named as a defendant and was robbed of the opportunity to remove this case, for under the Federal Rules only a defendant can move a case." Pet. of Removal [doc. #1] at 2. As the Superior Court correctly concluded, "Fabiola Derisme" and "Fabiola Is Ra El Bey" are the same person. The Court cannot accept Fabiola Is Ra El Bey's contention that she ceased to be Fabiola Derisme upon her religious conversion. Even if the Court were willing to accept her contention regarding the legal effects of her religious conversion, however, Fabiola Is Ra El Bey's argument that she did not realize she was the defendant named "Fabiola Derisme" in this case until May 10, 2010 would still be completely and utterly implausible.

Although the Court does not remand this case based on the timeliness of Fabiola Is Ra El Bey's filing, the Court notes that this is precisely the sort of case that Congress must have had in mind when it included a filing deadline in 28 U.S.C. § 1446(b). Bank of America filed this case in the Superior Court on August 5, 2009, and Fabiola Is Ra El Bey appeared in the Superior Court for the first time on August 26, 2009. Rather than filing a timely notice of removal, she submitted a barrage of documents to the state court asserting her various legal theories; she then waited until *after* the state court *rejected* her theories before attempting the remove the case to federal court. Under limited circumstances, the removal statute permits a state court defendant to elect a federal district court as an *alternative* to the state forum. It does not permit a defendant who chooses to avail herself of the state forum to then ask a federal district court to sit as an appellate tribunal in review of unfavorable state court rulings.

### III.

Although Bank of America did not object to the untimeliness of Fabiola Is Ra El Bey's Petition, it has timely objected that 28 U.S.C. § 1441(b) bars Fabiola Is Ra El Bey from removing this case because she is a citizen of Connecticut. The Court agrees with Bank of America that this case must be remanded pursuant to § 1441(b). Under § 1441(b), "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." Howev-

er, there is an important proviso to that statement: "Any other such action shall be removable *only if* none of the parties in interest properly joined and served as a defendant is a citizen of the State in which such action is brought." *Id.* (emphasis added). The Court will first explain why this action is not founded on a claim or right arising under federal law within the meaning of § 1441(b) before considering Fabiola Is Ra El Bey's arguments regarding her Connecticut citizenship.

### A.

■ This case is most assuredly not a "civil action of which the district courts have original jurisdiction founded on a claim or right arising under" federal law. *Id.* The Supreme Court has "long held that '[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Rivet v. Regions Bank of La.,* 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) (citations omitted). Bank of America's Complaint [doc. # 1–1] does not present any federal claims on its face. The only claim Bank of America asserts is a state-law claim for foreclosure on Fabiola Is Ra El Bey's mortgage.

■ Fabiola Is Ra El Bey's argument that this case arises under federal law because Bank of America's Complaint incorporates references to Fabiola Is Ra El Bey's anticipated TILA arguments is incorrect. An anticipated federal law defense is not part of a properly pleaded complaint. *See Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). "[A] case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the

case." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 14, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Therefore, this case arises under state law only.

### B.

Because this case does not arise under federal law, it is only removable if none of the parties that have been properly joined and served as a defendant is a Connecticut citizen. *See* 28 U.S.C. § 1441(b). Before this Court, as before the Superior Court, Fabiola Is Ra El Bey has repeatedly insisted that she is not a Connecticut citizen. She summarizes her own argument better than the Court can:

> Fabiola Derisme is not a citizen of Connecticut because there is no Fabiola Derisme. Fabiola Is Ra El: Bey had a religious conversion before this lawsuit was filed. . . . [T]here is diversity because Fabiola Is Ra El: Bey is not a member of your society. Fabiola Is Ra El: Bey . . . domiciles in Aspetuck Territory, Al Moroc, Northwest Amexecum the North Gate. Furthermore, the State of Connecticut . . . is a corporation . . . and is not a physical place where any living sentient can "reside."

*See* Objection to Mot. to Remand [doc. # 12] at 7. She further argues that she is not a Connecticut citizen because she "pays to dump her own garbage, pumps her own well water and disposes of her own sewage." Pet. for Remand [doc. # 1] at 4.

■■ The Court does not doubt that Fabiola Is Ra El Bey's religious convictions are sincere; that she is in one sense of the word a "diverse" person; and that she has chosen not to take advantage of various governmental services. But changing one's name, having a religious conversion, being religiously and ethnically diverse, and dumping one's own garbage

do not change a person's citizenship for purposes of diversity jurisdiction or for purposes of the removal statute. For purposes of diversity jurisdiction and the removal statute, a person is considered a citizen of the State in which he or she was domiciled when the action was commenced. *See, e.g., Durant, Nichols, Houston, Hodgson & Cortese–Costa P.C. v. Dupont,* 565 F.3d 56, 63 (2d Cir.2009) (citing *Gilbert v. David,* 235 U.S. 561, 568–69, 35 S.Ct. 164, 59 L.Ed. 360 (1915)). The statute does not actually use the word "diverse." Fabiola Is Ra El Bey was domiciled in Connecticut when she mortgaged the Connecticut property at issue in this case and when this action was commenced against her in Superior Court. Fabiola Is Ra El Bey is entitled to call Connecticut "Aspetuck Territory"—or any other name she likes for that matter—but that cannot change the fact that Connecticut is still Connecticut, and that Fabiola Is Ra El Bey was and is domiciled here.

 Finally, the Court notes that it has considered and rejected Fabiola Is Ra El Bey's argument that the case cannot be remanded because Fabiola Is Ra El Bey is not subject to state court jurisdiction. Fabiola Is Ra El Bey argues that she is a "Sovereign aboriginal/indigenous Moorish American" who "can only submit her jurisdiction to an article III judge who can adjudicate in cases of Diversity." *Id.* Members of the Moorish Science Temple may believe whatever they like about the legitimacy of state courts and state court judgments. However, this Court is not aware of any legal principle which allows a person to immunize herself from state court jurisdiction simply by joining a particular church. If such a principle did exist, it would be utterly contrary to our Constitution, our history, and our legal traditions, which require equal treatment under the law for all people regardless of their religious or ethnic backgrounds.

## IV.

In sum, this case is remanded to the Connecticut Superior Court because it does not arise under federal law, and because the factual record supports the conclusion that Defendant Fabiola Is Ra El Bey is a citizen of Connecticut, despite her assertions to the contrary. Bank of America's [doc. # 8] Motion for Remand is therefore GRANTED. Fabiola Is Ra El: Bey's Motion for Leave to Proceed *In Forma Pauperis* [doc. # 3] is also DENIED as moot. **The Clerk is directed to close this case.**

IT IS SO ORDERED.