THE PEOPLE OF THE STATE OF NEW YORK ex rel. BUFFALO
AND FORT ERIE PUBLIC BRIDGE AUTHORITY, Respond-
ent, against JACOB L. DAVIS et al., as Assessors of the
City of Buffalo, Appellants.

Argued January 17, 1938; decided March 8, 1938.

*Francis E. Cornish, Corporation Counsel (Frank G. Raichle, Carlos C. Alden* and *Herbert A. Hickman* of counsel), for appellants. The respondent is not such a State instrumentality that its property is exempt from taxation. (*Genet* v. *City of Brooklyn,* 99 N. Y. 296; *People ex rel. Andrews* v. *Cameron,* 140 App. Div. 76; 200 N. Y. 585; *Economic Power & Const. Co.* v. *City of Buffalo,* 195 N. Y. 286.) Chapter 824 of the Laws of 1933 is a private and local bill as the terms are used in constitutional provisions relating thereto. (N. Y. Const. art. 3, § 18; *St. John* v. *Andrews Inst.,* 191 N. Y. 254; *Economic Power & Constr. Co.* v. *City of Buffalo,* 195 N. Y. 286; *Bush Terminal Co.* v. *City of New York,* 152 Misc. Rep. 144; *People ex rel. Devery* v. *Coler,* 173 N. Y. 103; *Ferguson* v. *Ross,* 126 N. Y. 459; *People* v. *O'Brien,* 38 N. Y. 193; *Robertson* v. *Zimmermann,* 268 N. Y. 52; *Matter of Mayor of New York [Elm St.],* 246 N. Y. 72; *Adler* v. *Deegan,* 251 N. Y. 467.) The act creating the respondent violates subdivision 13 of section 18 of article 3 of the State Constitution. (*Johnson Home* v. *Village of Seneca Falls,* 37 App. Div. 147; *Village of Watkins Glen* v. *Hager,* 140 Misc. Rep. 816; 234 App. Div. 904; *Matter of Board of Education of Jamestown* v. *Baker,* 241 App. Div. 574; 266 N. Y. 636; *Robertson* v. *Zimmermann,* 268 N. Y. 52.) In the mode of its passage, chapter 824 of the Laws of 1933, passed at an extraordinary session, the Legislature violated the constitutional command that

no subject may be acted upon thereat unless recommended by the Governor for consideration. (*People* v. *Devlin*, 33 N. Y. 269; *People* v. *Petrea*, 92 N. Y. 128; *People ex rel. Durham Realty Corp.* v. *LaFetra*, 195 App. Div. 280.)

*John W. Van Allen*, *Selby G. Smith* and *Louis L. Babcock* for respondent. Chapter 824 of the Laws of 1933 was passed at an extraordinary session of the Legislature in accordance with the provisions of section 4 of article 4 of the State Constitution. (*People ex rel. Henderson* v. *Supervisors*, 147 N. Y. 1; *People* v. *Gillson*, 109 N. Y. 389; *Matter of N. Y. E. R. R. Co.*, 70 N. Y. 327; *Matter of McAneny* v. *Board of Estimate*, 232 N. Y. 377; *Sinking Fund Cases*, 99 U. S. 700; *Borden's Farm Products Co.* v. *Baldwin*, 293 U. S. 194; *People* v. *Devlin*, 33 N. Y. 269; *Field* v. *Clark*, 143 U. S. 649; *People ex rel. Purdy* v. *Commissioners of Highways*, 54 N. Y. 276; *Helm* v. *Day*, 134 N. Y. Supp. 770; *Browne* v. *City of New York*, 241 N. Y. 96.) The Bridge Authority, as a municipal corporate instrumentality of the State of New York, possesses the immunities of the State of New York, which it represents, including immunity from taxes and assessments upon its property within the State. (*Gaynor* v. *Marohn*, 268 N. Y. 417; *New York ex rel. Rogers* v. *Graves*, 299 U. S. 401; *Brush* v. *Commissioner*, 300 U. S. 352; *Commissioner* v. *Harlan*, 80 Fed. Rep. [2d] 660; *Butler* v. *Perry*, 240 U. S. 328; *Atkin* v. *Kansas*, 191 U. S. 207; *United States* v. *Kings Co.*, 281 Fed. Rep. 686; *Jamestown & Newport Ferry Co.* v. *Commissioner*, 41 Fed. Rep. [2d] 920; *Continental Baking Co.* v. *Helvering*, 75 Fed. Rep. 243; *Kansas City Bridge Co.* v. *Alabama State Bridge Corp.*, 59 Fed. Rep. [2d] 48; 287 U. S. 644; *Patchogue Land Corp.* v. *State Park Commission*, 243 N. Y. 15; *Clallam County* v. *United States*, 263 U. S. 341; *People ex rel. Mayor* v. *Assessors of Brooklyn*, 111 N. Y. 505; *Matter of Hamilton*, 148 N. Y. 310; *Mountain Bridge Co.* v. *Diamond*, 222 App. Div. 756; *Bush Terminal Co.* v. *City of New York*, 152 Misc. Rep. 144.) Chapter 824

of the Laws of 1933 does not violate section 18 of article 3 of the State Constitution. (*Flint* v. *Stone Tracy Co.*, 220 U. S. 107; *Brush* v. *Commissioner*, 300 U. S. 352; *Commissioner* v. *Ten Eyck*, 76 Fed. Rep. [2d] 515; *Robertson* v. *Zimmermann*, 268 N. Y. 52; *City of Louisville* v. *Babb*, 75 Fed. Rep. [2d] 162; *Bush Terminal Co.* v. *City of New York*, 152 Misc. Rep. 144; *People ex rel. Bronx Parkway Comm.* v. *Common Council*, 106 Misc. Rep. 579; 190 App. Div. 957; 229 N. Y. 1; *Sun Printing & Pub. Assn.* v. *Mayor*, 152 N. Y. 272.)

*John J. Bennett, Jr.*, Attorney-General (*Henry Epstein* of counsel), for State of New York.

LEHMAN, J. The Legislature created the relator as "a body corporate and politic, constituting a public benefit corporation." (Laws of 1933, ch. 824.) Pursuant to authority conferred upon it by the statute, the relator acquired from the Buffalo and Fort Erie Public Bridge Company a bridge across the Niagara river, which forms part of the boundary of the State of New York and of the Dominion of Canada. For that purpose the relator issued bonds. The statute declares that "the properties of the Buffalo and Fort Erie Public Bridge Authority shall be exempt from all taxes and assessments by the state or any municipality or municipal subdivision thereof and the bonds shall be exempt from taxation except for transfer, estate and inheritance taxes" (§ 23).

The assessors of the city of Buffalo have disregarded the fiat of the Legislature and have placed the real property of the relator, in the city of Buffalo, upon the assessment rolls of the city for the purpose of taxation. Their determination has been annulled in certiorari proceedings by the Supreme Court. The assessors are required by law to place upon the assessment rolls all real property which is not exempt by law from taxation. The power of the Legislature to grant exemption from taxation is subject to restrictions contained in the Constitu-

tion of the State. Where power is withheld from the Legislature, a statute purporting to grant an exemption is of no effect. The assessors are still bound to assess the property for taxation. The question which must be determined upon this appeal is whether the Legislature acting within the scope of its powers has exempted the property of the relator.

The statute which created the relator as a body corporate and politic and which in express terms grants exemption from taxation to the property of the relator was passed at an extraordinary session of the Legislature. The Constitution of the State provides that " at extraordinary sessions no subject shall be acted upon, except such as the Governor may recommend for consideration." (Art. IV, § 4.) It appears that on August 17, 1933, the Governor sent a message to the Legislature, then in extraordinary session, recommending to its consideration " legislation creating a Buffalo and Fort Erie Public Bridge Authority which shall be a body corporate and politic of the State," and on August 21st the Governor sent another message certifying to the necessity of the immediate passage of Senate Bill (Int. No. 29, Pr. No. 30), entitled, " An Act creating Buffalo and Fort Erie Public Bridge Authority, providing for its appointment and defining its jurisdiction, powers and duties; authorizing it to issue and sell or exchange its bonds and authorizing their use for certain purposes; authorizing it to acquire all the assets and property of the Buffalo and Fort Erie Public Bridge Company; authorizing it to maintain and operate such property and assets and to charge tolls for the use thereof and to acquire other assets; authorizing it to exercise authority, powers and duties not inconsistent herewith, granted by the Dominion of Canada, and generally to define its purposes and to provide for the exercise of its powers, as amended." The bill was passed after these messages were received, and the presiding officers of both houses of the Legislature have appended to the bill the certificate required by section 40 of the Legislative

Law (Cons. Laws, ch. 32); but an examination of the legislative journals shows that prior thereto the bill had been passed by the Legislature, sent to the Governor and returned by him for amendment at the request of the Legislature, and that after the receipt of the messages from the Governor no new bill was introduced; the bill previously passed was amended in minor details and then passed again. It is said that since the Legislature had no power to pass the bill in its original form without a message from the Governor, the amendment of the bill thereafter and its passage in amended form was insufficient compliance with the mandate of the Constitution.

We do not pause to consider whether we may go back of the certificates appended to the bill and may examine the legislative journals to determine whether, after receipt of the Governor's message, the Legislature took every step required by its rules and practice in enacting legislation. (Cf. *Browne* v. *City of New York*, 241 N. Y. 96, 114.) We hold that the mandate of the Constitution requires no more than was done in this case, as disclosed by these journals. The Constitution withholds from the Legislature, at an extraordinary session, power to *act* upon a subject not recommended by the Governor for consideration. The Legislature " acts upon a subject " embodied in a bill when it passes the bill. The introduction of the bill, its printing, its reading and reference to a committee and the debates upon it, constitute only the procedure required by the rules to bring up the bill for action. The Constitution is not concerned with those matters, and when, in anticipation of a message from the Governor, the Legislature is prepared to take action upon a subject, the Constitution does not require the Legislature to retrace each step after the message is received.

A question, perhaps more serious, remains. " The Legislature shall not pass a private or local bill in any of the following cases: * * * Granting to any person,

association, firm or corporation, an exemption from taxation on real or personal property." (N. Y. Const. art. III, § 18.) Does the statute violate this provision of the Constitution? The statute which is challenged recites that " the board shall constitute the municipal corporate instrumentality of the state of New York, for the purpose of carrying out the provisions of this act." Though the Legislature has power to create corporate bodies and endow them with powers and functions, yet whether a body corporate is in truth a " public benefit corporation " and a " municipal corporate instrumentality " depends upon its nature and functions, not upon the tag which the Legislature may choose to attach to it. The basic problem presented upon this appeal is whether the relator is a governmental agency of the State carrying out a matter of State concern for the benefit of the people of the State. If the relator is such an agency, then the bill is not private or local. (*Robertson* v. *Zimmermann*, 268 N. Y. 52.) Indeed, the relator would then not be a " corporation " as that term is ordinarily understood and as it is used in article III, section 18, of the Constitution.

The Legislature may, of course, determine by general laws what property shall be taxed and what property shall be exempt. It has decreed that " property of this state other than its wild or forest lands in the forest preserve " and also " property of a municipal corporation of the state held for a public use " shall be exempt from taxation. (Tax Law [Cons. Laws, ch. 60], § 4, subds. 2 and 3.) The relator maintains that even without the special statute its property would be exempt under the provisions of the Tax Law. No member of the corporate body which holds title to the real property assessed has any beneficial interest in the property. Six members of the Board are appointed by the Governor of the State and three members in manner determined by the Dominion of Canada, and they hold title for the benefit of the public. The owners of the bonds issued by the relator

are, however, holders of a first lien upon the bridge structure and its approaches. We are not called upon to determine whether the property so held and subject to such a lien is, in full sense, property of the State and exempt from taxation under the Tax Law, for, in any event, we find that the statute granting a special exemption is valid.

The bridge is connected with the highway system of the State and of the Dominion of Canada. It serves the people of both. The State and the Dominion of Canada acting together would have power to acquire and maintain the bridge, and, if they chose, to exact tolls for its use. Instead of providing for acquisition of the bridge through the pledge of the credit of the State and for its maintenance by State officers and employees paid out of the treasury of the State, the State has chosen to enter into a compact with the Dominion of Canada for the creation of a new body corporate and politic with a board appointed by the State, responsible to the State and acting for the State. We have held that similar bodies corporate created to act for the State in carrying out a public purpose are State agencies. (*Gaynor* v. *Marohn*, 268 N. Y. 417, and cases there cited.) We find that the corporate body here created is such an agency of the State. Indeed, in the opinion by CRANE, Ch. J., in the cited case, the statute now challenged is included in a list of statutes which have created municipal corporations or districts to carry out a governmental power. We cannot doubt that the grant of exemption from taxation may appropriately be included in a statute creating such an agency without violation of any mandate of the Constitution. None of the other objections to the validity of the statute urged by the appellant require extended consideration.

The order should be affirmed, without costs.

CRANE, Ch. J., O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur; HUBBS, J., taking no part.

Order affirmed.