Mark B. MITSKOVSKI, Elizabeth A. Martina, Thomas J. Pisa, Plaintiffs–Appellees,

v.

**BUFFALO AND FORT ERIE PUBLIC BRIDGE AUTHORITY, Defendant–Appellant.**

No. 04–5878–CV.

United States Court of Appeals, Second Circuit.

Argued: Sept. 23, 2005.

Decided: Jan. 11, 2006.

Marilyn A. Hochfield, Buffalo, N.Y. (Randolph C. Oppenheimer, Steve Suneson, Kavinoky Cook LLP, on the brief), for Defendant–Appellant.

Robert E. Knoer, Knoer, Crawford & Bender, LLP, Buffalo, N.Y., for Plaintiffs–Appellees.

Before: NEWMAN and SOTOMAYOR, Circuit Judges; and DANIELS,* District Judge.

---

* Honorable George B. Daniels of the United States District Court for the Southern District of New York, sitting by designation.

JON O. NEWMAN, Circuit Judge.

This appeal presents novel issues concerning removal of a state court case to federal court and the appealability of a federal court's order remanding a case back to a state court. The issues arise on an appeal by Defendant–Appellant Buffalo and Fort Erie Public Bridge Authority ("the Authority") from the October 5, 2004, order of the District Court for the Western District of New York (John T. Elfvin, District Judge). That order remanded to the New York Supreme Court, Erie County, a lawsuit filed in the State Court by Plaintiffs–Appellees Mark B. Mitskovski, Elizabeth A. Martina, and Thomas J. Pisa ("the Plaintiffs"), which the Authority had removed to the District Court. Although the Plaintiffs had sought the remand on various grounds, the District Court remanded on a ground identified by the Court on its own motion—the Authority's failure to comply with a local rule requiring the submission of an index of documents filed in the State Court. *See* W.D.N.Y. R. 81(a)(3)(A). The precise issues presented are whether the remand order is appealable; if so, whether the remand for noncompliance with the local rule was proper; if improper, whether the Court of Appeals may consider the District Court's subject matter jurisdiction; and, if so, whether the District Court has subject matter jurisdiction.

We conclude that the remand order is appealable; that the remand order was erroneously issued; that, with the remand order properly before us on appeal, we may consider subject matter jurisdiction; and that the District Court's subject matter jurisdiction was properly invoked. We therefore vacate the order remanding the case to the State Court and remand to the District Court for further proceedings.

## Background

This litigation concerns the Peace Bridge over the Niagara River between Buffalo, N.Y. and Fort Erie, Ontario. The Authority owns and operates the bridge. The Authority was created by legislative acts of New York, the Dominion of Canada, and the United States. The Plaintiffs are Buffalo residents, who live in close proximity to the bridge.

On May 28, 2004, the Plaintiffs filed a lawsuit in New York Supreme Court, Erie County, seeking to enjoin the Authority from taking any further action on an international Border Infrastructure Improvement Project ("the Project") that the Authority is undertaking with the federal government of Canada. The Project includes expansion of plazas on both sides of the international border. The Plaintiffs contend that the Authority has failed to comply with various New York statutes, including the State Environmental Quality Review Act. N.Y. Envtl. Conserv. L. § 8–0101 *et seq.* (McKinney 1997).

On June 22, 2004, the Authority removed the case to the District Court pursuant to 28 U.S.C. § 1446(a), contending that the District Court had federal question jurisdiction because, among other things, resolution of the Plaintiffs' claim that the Authority is a New York state agency involves a construction of federal law, the international compact under which the Authority was created.

On July 20, 2004, the Plaintiffs filed a motion to remand the case to the State Court pursuant to 28 U.S.C. § 1447(c), alleging that removal was improper for two reasons—lack of "a short and plain statement of the grounds for removal," as required by 28 U.S.C. § 1446(a), and lack of subject matter jurisdiction.

On October 5, 2004, the District Court granted the Plaintiffs' motion to remand.

Without ruling on either of the grounds for remand advanced by the Plaintiffs, Judge Elfvin remanded the case because the Authority had failed to comply with the District Court's Local Rule 81(a)(3)(A), which requires that an index of all documents filed in the state court be attached to the notice of removal. The Authority then sought from the District Court an order requiring the Plaintiffs to show cause why the remand order should not be reconsidered and vacated pursuant to Fed.R.Civ.P. 59(e). Judge Elfvin declined to issue the show cause order and denied the request for reconsideration on the ground that the District Court lacked jurisdiction to reconsider the remand order. He relied on 28 U.S.C. § 1447(d), which provides, with an exception not relevant to this case, that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise ...." *See In re Lowe*, 102 F.3d 731, 734–36 (4th Cir.1996) (district court lacks jurisdiction to reconsider its remand order); *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 225 (3d Cir.1995) (same); *Seedman v. United States District Court*, 837 F.2d 413, 414 (9th Cir.1988) (same).

On October 18, 2004, the Authority filed in this Court a petition for a writ of mandamus to direct the District Court to vacate the remand order. The Authority also sought a stay of the remand order pending disposition of the petition for mandamus. Judge Peter W. Hall, exercising one-judge authority in advance of panel consideration, *see* Fed. R.App. P. 8(a)(2)(D), issued a stay of the remand order, pending a three-judge panel's disposition of the mandamus petition. *In re Buffalo and Fort Erie Public Bridge Authority*, No. 04–5365–op (2d Cir. Oct. 20, 2004). Then, on November 5, 2004, apprehending that appeal rather than mandamus was the appropriate procedure for review, the Authority filed a notice of appeal from the remand order. A three-judge panel later denied both the mandamus petition and the motion to stay the remand order, but withheld the mandate for ten days or, if the Authority sought a stay pending its appeal within ten days, until the panel hearing the appeal decided the motion. *In re Buffalo and Fort Erie Public Bridge Authority*, No. 04–5365–op (2d Cir. Dec. 29, 2004). The Authority then sought a stay pending appeal, thereby fulfilling the condition for withholding the mandate in the mandamus proceeding and extending the stay issued by Judge Hall until the merits panel decides the stay motion.

## Discussion

### I. Appellate Jurisdiction

Our initial issue is whether this Court has appellate jurisdiction over the appeal from the District Court's remand order.[1]

---

1. If an order granting a remand is subject to appellate review, it is now clear that review may be obtained by appeal under the collateral order doctrine. *See Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706, 711–14, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (remand based on abstention); *Minot v. Eckardt-Minot*, 13 F.3d 590, 593 (2d Cir.1994) (same); *Travelers Insurance Co. v. Keeling*, 996 F.2d 1485, 1488–89 (2d Cir.1993) (portion of remand order that conclusively determined certain claims would be litigated in state court); *cf. Minot*, 13 F.3d at 593 n. 1 (remand order leaving to state court threshold issue of where underlying dispute is to be decided (court or arbitral forum) not appealable); *Travelers*, 996 F.2d at 1489 (same). Prior to *Quackenbush*, the Supreme Court had ruled that a remand order based on abstention was reviewable only by mandamus, *see Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 352–53, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), a ruling that we relied on in *Hamilton v. Aetna Life and Casualty Co.*, 5 F.3d 642, 644 (2d Cir.1993). In *Quackenbush*, the Supreme Court "disavow[ed]" the *Thermtron* mandamus ruling. 517 U.S. at 715, 116 S.Ct. 1712. *See generally* 16 *Moore's Federal Practice* § 107.44[3][b] (2005).

Despite the broad language of 28 U.S.C. § 1447(d) limiting appeal of remand orders,[2] it is settled that section 1447(d)[3] precludes appeal only of remand orders authorized by section 1447(c). *See Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706, 711–12, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996); *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 346, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976); *Hamilton v. Aetna Life and Casualty Co.*, 5 F.3d 642, 644 (2d Cir.1993). Section 1447(c) provides, in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

■ We have interpreted section 1447(c) to authorize a remand for either a procedural defect asserted within 30 days of the filing of notice of removal or a lack of subject matter jurisdiction. *See Hamilton*, 5 F.3d at 644. Such remands, because they are authorized by section 1447(c), are barred from review by section 1447(d). *See id.* However, "an order remanding on procedural grounds either upon an untimely motion or *sua sponte* more than 30 days after removal, since such order is not authorized by § 1447(c), is reviewable." *Id.*

■ In the pending case, the Plaintiffs filed a timely motion asserting an alleged procedural defect, and the District Court granted the motion, but did so more than 30 days after removal and on a ground identified by the Court on its own motion—noncompliance with a local rule. The Plaintiffs contend that the remand order is not appealable because the District Court granted a timely motion that had asserted a procedural defect. The Authority responds that the remand order is appealable because the order was based on a ground identified by the Court on its own motion more than 30 days after removal.

We think the Authority has the better of the dispute on this novel issue. The Congressional scheme contemplated by the interplay between sections 1447(c) and 1447(d) emphasizes prompt return to the state court of cases improperly removed and prompt processing of cases in the federal court of cases not authorized to be remanded. Toward that end, a motion asserting a procedural defect must be made within 30 days of removal, and a court of appeals may not delay the litigation by reviewing the grant of such a motion. In the same vein, a district court may not act to remand on its own motion more than 30 days after removal in the absence of a party's timely remand motion, and if it does so, a court of appeals may review and correct the improper remand. It is more consistent with this scheme to review a remand order based on a ground identified by a district court more than 30 days after removal than to preclude review because the court acted upon a timely filed motion asserting a procedural defect other than the one the court thought warranted a remand. We understand *Hamilton* to permit review not only of a remand order issued by a district court on its own motion

---

**2.** Section 1447(d) provides:

An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

**3.** All section references are to Title 28, unless otherwise noted.

more than 30 days after removal in the absence of a party's timely remand motion, but also of a remand order issued by a district court on a ground identified by a district court on its own motion more than 30 days after removal even though a party has filed a timely motion to remand.

## II. Merits of the Remand Order

In considering the merits of the District Court's remand order, we face two issues. First, did the District Court have authority to remand on the basis of a procedural ground raised *sua sponte* more than 30 days after the case was removed? Second, if the District Court had authority to remand more than 30 days after the case was removed, was it proper for the District Court to remand for noncompliance with Local Rule 81(a)(3)(A)?

In *Hamilton,* we stated that a district court lacks authority to remand *sua sponte* more than 30 days after removal. 5 F.3d at 644. Since section 1447(c) contemplates that any case in which removal is not challenged within 30 days of removal is to remain in federal court, unless subject matter jurisdiction is lacking, it was understandable why the panel in *Hamilton* would state that a district court lacks authority to remand *sua sponte* more than 30 days after removal (on grounds other than lack of subject matter jurisdiction). However, that statement was made in a case where no motion to remand had been filed

within 30 days of removal, as required by section 1447(c).[4] In the pending case, by contrast, the party challenging removal has filed a remand motion within 30 days of removal.

Whether a district court has authority to remand *sua sponte* more than 30 days after removal in a case where a party has filed a timely remand motion is not clear. On the one hand, it is arguable that once a timely remand motion has been filed, the statutory purpose of proceeding expeditiously to remand cases improperly removed would not seem to be impaired whether a district court remands for a procedural defect raised by a party or for a procedural defect noticed by the court *sua sponte.* It is unlikely, the argument continues, that a court would take appreciably more time to act on a ground it noticed *sua sponte* than on a ground relied on by a party.[5]

On the other hand, it is also arguable that even where a party has timely sought a remand, a district court lacks power to remand on a ground it discovers *sua sponte* more than 30 days after removal. This argument rests on the premise that any ground not relied on by a party in a timely filed motion has been forfeited. Even if that premise is sound, it does not necessarily follow that a district court lacks authority to rely on a ground no longer available to a party. Although

**4.** The procedural posture of *Hamilton* was unusual. The plaintiff had removed his own state court action, contrary to the provisions of 28 U.S.C. § 1441(a), which authorize removal only by the defendant. The defendant, although preferring the suit to proceed in state court, did not file a remand motion, but instead filed a motion to dismiss for lack of subject matter jurisdiction. The District Court remanded on the procedural ground that the plaintiff lacked the right to remove his own state court action. The Court of Appeals, treating the plaintiff's notice of appeal as a petition for mandamus under the

then-prevailing authority of *Thermtron,* affirmed the remand order on the ground that the District Court lacked subject matter jurisdiction. *Hamilton,* 5 F.3d at 644–45.

**5.** The statutory purpose of prompt remand of cases improperly removed would, of course, be thwarted if a district court delayed for a significant period in acting on a timely filed motion to remand, denied the motion, and then remanded on a ground noticed by the court *sua sponte.*

courts are not obliged to act on grounds not raised by a party (except for lack of subject matter jurisdiction), they sometimes do so.

■ Rather than resolve in the pending case the issue framed by these competing arguments, we will assume that the District Court had authority to remand *sua sponte* more than 30 days after removal in view of the fact that a timely remand motion had been made. We now turn to the issue of whether the District Court erred in remanding for noncompliance with Local Rule 81(a)(3)(A).

The Western District's Local Rule 81(a) provides, in relevant part:

A party removing a civil action from State court to this Court must provide the following to the clerk for filing:

. . .

(3) A notice of removal with the following attachments:

(A) An index of all documents which clearly identifies each document and indicates the date each document was filed in State court; and

(B) Each document filed in the State court action, except discovery material, individually tabbed and arranged in chronological order according to the State court file date.

The District Court remanded for the Authority's failure to file the index of state court documents required by Rule 81(a)(3)(A). The Authority does not dispute that it did not file the required index, but points out that its notice of removal included as exhibits all the documents filed in the State Court, as required by Local Rule 81(a)(3)(B).

We think the District Court's decision to remand for lack of an index of State Court documents was an unduly rigid application of the local requirement. Local rules supplement the Federal Rules of Civil Procedure, which are to be "administered to secure the just, speedy, and inexpensive determination of every action." Fed. R.Civ.P. 1. The Authority's filing of all the State Court documents afforded the District Court ample opportunity to assess whether the case should remain in a federal court. If an index was thought to be needed, the District Court could have ordered the Authority to furnish one promptly. A remand, with the consequent deprivation of a federal forum, for lack of an index was too drastic a remedy for such a minor noncompliance.

III. Reviewability of Issue of Subject Matter Jurisdiction

■ Despite the well-settled doctrine that a court must satisfy itself that it has subject matter jurisdiction and may at any time in the course of litigation consider whether such jurisdiction exists, *see, e.g., Bender v. Williamsport Area School District,* 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986); *Wynn v. AC Rochester,* 273 F.3d 153, 157 (2d Cir.2001), a dispute is lurking in this case as to whether a court of appeals may consider subject matter jurisdiction on a permissible appeal of a remand order where a district court has not initially ruled on such jurisdiction. The argument against such consideration extends beyond the usual appellate court preference to have issues initially considered by a district court. The plausible argument is based on the removal statutes. Under the prevailing narrow interpretation of section 1447(d)'s bar to appeal of remand orders, a district court's remand based on lack of subject matter jurisdiction is not appealable because such a remand is authorized by section 1447(c). Furthermore, the argument continues, the unavailability of appellate review of a district court's ruling that subject matter jurisdiction is lacking implies a congressional pref-

erence for a district court always to make the initial assessment of its jurisdiction. Finally, the argument concludes, the remand statutes impliedly foreclose the possibility of interlocutory review of a district court's ruling on subject matter jurisdiction: if a district court remands after ruling that subject matter jurisdiction is lacking, the correctness of that ruling can be reviewed only upon a successful petition for certiorari in the Supreme Court after a final judgment in the state court action;[6] if a district court determines that it has subject matter jurisdiction and does not remand, the jurisdictional ruling would normally not be considered by a court of appeal until appeal of a district court's final judgment. In essence, the argument suggests that the happenstance of an appealable remand order should not permit interlocutory appellate consideration of subject matter jurisdiction that could not have been undertaken in the absence of such an order.

█ The argument is intriguing, but ultimately unavailing. Although Congress wanted remanded cases to proceed promptly in a state court, i.e., without court of appeals review, even if a district court remanded because of an erroneous view that subject matter jurisdiction was lacking, appellate consideration of subject matter jurisdiction will not delay state court proceedings in cases that belong in state court where, as in this case, a remand order is already subject to appeal in a court of appeals. The Authority's proper appeal of the remand order, presenting the issue of whether remand for noncompli-

ance with Local Rule 81(a)(3)(A) was proper, has already invoked our jurisdiction to review the remand order, and it will not take much additional time to consider subject matter jurisdiction. Indeed, if such jurisdiction is present, it will save considerable time to adjudicate that issue now rather than risk an erroneous ruling by the District Court that such jurisdiction is lacking, an error that could be corrected only much later by the Supreme Court on review by petition for a discretionary writ of certiorari, if at all. Of course, that saving of time would occur if we could consider subject matter jurisdiction even where a district court has remanded for lack of such jurisdiction, but the unavailability of appellate consideration in that circumstance is commanded by statute, and no comparable bar exists to our consideration of jurisdiction in the circumstances of this case where no jurisdictional ruling has been made. We therefore deem it appropriate to apply the traditional doctrine that an appellate court, whose appellate jurisdiction has been properly invoked, can always consider a district court's subject matter jurisdiction at any time.

## IV. Existence of Subject Matter Jurisdiction

█ The construction of an interstate or international compact approved by Congress under the Compact Clause of the Constitution, see U.S. Const. art. I, § 10, cl. 3, presents a federal question. See Cuyler v. Adams, 449 U.S. 433, 438, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981); Petty v. Tennessee–Missouri Bridge Commission, 359

---

6. We have ruled that a remand order for lack of subject matter jurisdiction may not be certified for interlocutory appeal under 28 U.S.C. § 1292(b), see In re: WTC Disaster Site, 414 F.3d 352, 366–71 (2d Cir.2005). That decision accomplished an informal type of appellate review because the District Court had stayed its remand order and the Court of Appeals, with proper jurisdiction under section 1292(b) of an order denying remand of certain aspects of the litigation, elected to offer the District Court the panel's views on the jurisdictional issue and "invite" the District Court to "reconsider" its jurisdictional ruling. See id. at 381.

U.S. 275, 278, 79 S.Ct. 785, 3 L.Ed.2d 804 (1959). The Authority is the product of a compact between New York and Canada, approved by Congress. In 1934, Congress gave its consent to

> the State of New York to enter into the agreement or compact with the Dominion of Canada set forth in chapter 824 of the Laws of New York, 1933, and an act respecting the Buffalo and Fort Erie Public Bridge Authority passed at the fifth session, Seventeenth Parliament, Dominion of Canada (24 George V 1934), assented to March 28, 1934, for the establishment of the Buffalo and Fort Erie Public Bridge Authority . . . .

H.R.J. Res. 315, 73rd Cong., 2d sess. (May 3, 1934). In 1957, Congress gave approval to a reconstituted compact authorizing the Authority. See H.R.J. Res. 342, 85th Cong., 1st sess. (Aug. 14, 1957).

■ Somewhat less clear is whether the District Court must construe the compact in order to adjudicate the Plaintiffs' claims. The Plaintiffs have pleaded only state law violations. The Authority contends that determination of whether the state law obligations may be imposed on it will require construction of the compact, but the Plaintiffs respond by pointing out that to the extent that the Authority is relying on the compact as a defense, such defensive assertion of federal law does not invoke federal question jurisdiction. See Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 7–11, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); Louisville &

Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908). We need not decide whether the nominally defensive use of the compact is so inextricably connected to the validity of the Plaintiffs' substantive claims as to support federal question jurisdiction,[7] nor whether the allegedly preemptive force of the compact accomplishes that result because, apart from the allegations of substantive state law violations, the Plaintiffs have alleged that the Authority is a New York State agency, Verified Petition ¶ 158, and sought a declaratory judgment to that effect. Id. ¶ 206. Adjudication of that affirmative contention and claim for relief will inevitably require construction of the compact.

The federal question jurisdiction of the District Court has been properly invoked.

■ The Plaintiffs–Appellees contend that the District Court's federal question jurisdiction is precluded by the Rooker–Feldman doctrine, a limitation on the authority of a federal district court to "review" a judgment of a state court. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). They cite a decision of the New York Court of Appeals as an adjudication that the Authority is a State agency. See People ex rel. Buffalo and Fort Erie Public Bridge Authority v. Davis, 277 N.Y. 292, 299, 14 N.E.2d 74 (1938). However, as the Supreme Court

---

7. In his decision granting a stay pending consideration of the petition for mandamus, Judge Hall observed:

> [B]y the very terms of the [Plaintiffs'] Verified Petition, they implicate such a nexus among the Buffalo and Fort Erie Public Bridge Authority, the Government of Canada and its agencies, the Government of the United States and its agencies, and the

proper and necessary flow of commercial traffic over an international boundary, it is inconceivable that the entire set of issues pleaded and the relief sought do not raise questions "arising under the Constitution[,] laws[,] or treaties of the United States."

In re: Buffalo and Fort Erie Public Bridge Authority, No. 04–5365–op, Order granting temporary stay (Oct. 20, 2004) (quoting 28 U.S.C. § 1331).

has recently made clear, the *Rooker–Feldman* doctrine "is confined to cases ... brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, —— – ——, 125 S.Ct. 1517, 1521–22, 161 L.Ed.2d 454 (2005). Because the Plaintiffs in the pending action were not parties in *Davis* (and obviously not losers), the *Rooker–Feldman* doctrine has no application to this litigation.

#### Conclusion

The order of the District Court is vacated, and the case is remanded for further proceedings consistent with this opinion.