**Uri TORNHEIM, Plaintiff–Appellant,**

v.

**Officer Lindsay EASON, in his capacity as Sheriff of the City of New York, Doreen Spindel a/k/a Doreen Kohn, Saul E. Feder d/b/a Regosin, Edwards, Stone & Feder, and Robin C. Marvin, Defendants–Appellees,**

**Stephen J. Fiala, in his official capacity as Clerk and Register of Richmond County, Defendant.**

No. 05–4843–CV.

United States Court of Appeals, Second Circuit.

April 4, 2006.

Uri Tornheim, Wesley Hills, NY, for Plaintiff–Appellant, pro se.

Michael A. Cardozo, Corporation Counsel of the City of New York (Scott Schorr, Senior Counsel, on the brief), New York, NY, for Defendant–Appellee Officer Lindsay Eason.

Doreen Spindel, Aventura, FL, for Defendant–Appellee Doreen Spindel, pro se.

Anne P. Richter, McManus, Collura & Richter, P.C., New York, NY, for Defendant–Appellee Saul E. Feder.

Christopher P. Kohn, New York, NY, for Defendant–Appellee Robin C. Marvin.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Circuit Judges, and Hon. DAVID E. TRAGER, District Judge.*

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the district court's judgment be **AFFIRMED.**

Uri Tornheim, *pro se*, appeals the judgment of the United States District Court for the Southern District of New York entered on April 4, 2005, dismissing, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), his complaint, in which he claimed that the sale of his home constituted fraud under New York common law and violated his Fourth and Fourteenth Amendment rights under the United States Constitution. We assume familiarity with the facts and the issues on appeal.

This Court reviews the dismissal of a cause of action under Rules 12(b)(1) or 12(b)(6) *de novo. Jaghory v. N.Y. State*

* The Honorable David E. Trager, United States District Judge for the Eastern District of New York, sitting by designation.

*Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). "[H]owever inartfully pleaded, a *pro se* complaint may not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 413 (2d Cir.1999) (internal quotation marks and citation omitted).

The District Court properly dismissed Tornheim's civil rights claims against Feder, Spindel and Marvin for failure to allege state action. "Section 1983 imposes civil liability upon a party who 'under color [of law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws....'" *Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 271 (2d Cir.1999), *quoting* 42 U.S.C. § 1983. "Private persons, jointly engaged with state officials in the prohibited action are acting 'under color' of law." *Id.* In order to conclude that a private party had been "jointly engaged" with a state official, a plaintiff must show that the private party's actions had been the product of a plan, prearrangement, or conspiracy with a state official to deprive the plaintiff of "any right secured by the Constitution or laws of the United States," or had been a custom or policy of the private party and state official to deprive persons of any such right. *Alexis v. McDonald's Rests. of Mass., Inc.*, 67 F.3d 341, 351–52 (1st Cir.1995). Because Tornheim claims that defendants Feder and Spindel submitted to Sheriff Eason an affidavit misrepresenting Tornheim's actions—in essence, tricking the Sheriff—it cannot be said that there had been a meeting of the minds between the private and state actors such that they had been "jointly engaged" in a plan to deprive Tornheim of any rights.

Turning to Tornheim's claim that the actions of Feder and Spindel were attributable to the State because they had been taken pursuant to a divorce judgment of the New York Supreme Court for the County of Kings, the United States Supreme Court has stated that "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980). To the extent that this Court liberally construes this claim as a claim that the private parties had conspired with the judge to deprive Tornheim of his rights, that claim must fail for two reasons: (1) Tornheim is attempting to raise the claim for the first time on appeal, *see Singleton v. Wulff*, 428 U.S. 106, 121, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976), and (2) Tornheim provides no support for the claim, *see Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir.1987) ("[C]omplaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.").

To the extent that Tornheim challenges the validity of the state court judgment, that challenge fails under the *Rooker–Feldman* doctrine. *See Mitskovski v. Buffalo and Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 135–36 (2d Cir.2006). Additionally, Tornheim does not state the grounds upon which this Court has jurisdiction over his claim that the defendant-appellees failed to comply with the state court order, nor do any grounds appear to exist. Finally, Tornheim fails to state any cognizable basis for his claim against Sheriff Eason.

"Section 1988 provides that in any action to enforce civil rights statutes, ... 'the court, in its discretion, may allow the

prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.'" *People of the State of N.Y. ex rel Abrams v. 11 Cornwell Co.,* 718 F.2d 22, 24 (2d Cir.1983), *quoting* 42 U.S.C. § 1988. "A prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley v. Eckerhart,* 461 U.S. 424, 429 n. 2, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). In the present case, the District Court did not abuse its discretion in finding Tomheim's claims to be meritless and brought forth in an attempt to relitigate issues that had been determined in his divorce proceedings. For the reasons discussed above, his claims have no basis in fact or law, and appear to have been brought in an attempt to harass his ex-wife and the attorney who had represented her at the divorce proceedings.

Finally, Tornheim provides no support for his conclusory claims that the amount of fees charged by the attorneys was unreasonable. Further, the District Court provided Tornheim with an opportunity to oppose the imposition of attorneys' fees, and he failed to do so in a timely manner.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.