17-2912-cv
*JP Morgan Chase Bank, N.A. v. Caires*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand nineteen.

Present:
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> *Circuit Judges*,
> RICHARD M. BERMAN,
> *District Judge*.*

_____

JP MORGAN CHASE BANK, N.A.,

     *Plaintiff-Appellee*,

    v.                                          17-2912-cv

RICHARD CAIRES,

     *Defendant-Appellant*.

_____

| | |
|---|---|
| For Defendant-Appellant: | BRENT S. TANTILLO, Tantillo Law, PLLC, Washington, DC. |
| For Plaintiff-Appellee: | BRIAN D. RICH, (Logan A. Carducci, *on the brief*), Halloran & Sage LLP, Hartford, CT. |

---

* Judge Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review of the judgment of the district court is **DISMISSED**.

Defendant-Appellant Richard Caires ("Caires") appeals from an order of the United States District Court for the District of Connecticut, dated September 6, 2017, remanding his case to Connecticut state court for lack of subject matter jurisdiction. *See* A10 (Order Re; Remand to State Court). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

28 U.S.C. § 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," except for when it was removed pursuant to several other statutory sections not relevant here.[1] However, "§ 1447(d) must be read *in pari materia* with § 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711–12 (1996) (internal quotation marks omitted). Section 1447(c) provides that a motion for remand based on non-jurisdictional, procedural defects must be made within thirty days after the notice of removal is filed, but allows for remand based on a lack of subject matter jurisdiction at any time. *See* 28 U.S.C. § 1447(c). "Thus, as long as a district court's remand is based on a timely raised defect other than subject matter jurisdiction or on lack of subject-matter jurisdiction whenever made—the grounds for remand recognized by § 1447(c)—a

---

[1] One such section, 28 U.S.C. § 1443, provides for removal of civil rights cases. As the district court rightly observed, however, "Caires has offered no support for [his] condemnations" of the state court and thus that section cannot provide support for review of the remand order in this case. *See* A14.

court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d)." *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 310 (2d Cir. 2005) (internal quotation marks and brackets omitted).

Caires seemingly argues that because the district court remanded his case more than thirty days after he filed a notice of removal, and purported to do so *sua sponte*, not only is this Court's review not barred by § 1447(d), but we also must reverse the district court's remand order as beyond the scope of its powers.   He points to *Mitskovski v. Buffalo & Fort Erie Public Bridge Auth.*, 435 F.3d 127 (2d Cir. 2006), where a panel of this Court held that a remand order issued more than thirty days after the notice of removal based "on a ground identified by the Court on its own motion" was both reviewable on appeal and erroneous.   *Id.* at 129.

We disagree.   First, the district court purported to base its remand on a lack of subject matter jurisdiction.   *See* A11.   Defendant-Appellee JP Morgan Chase Bank, N.A. ("JPMC") admits in its brief to this Court that diversity jurisdiction exists between the parties; however, the Supreme Court has concluded that that "whether erroneous or not[,] . . . [i]f a trial judge purports to remand a case on the ground that it was removed 'improvidently and without jurisdiction,' his order is not subject to challenge in the court of appeals by appeal, by mandamus, or otherwise." *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 343 (1976), *abrogated for other reasons by Quackenbush*, 517 U.S. at 714–15.

Second, even if we were to "conclude that the basis for the remand was not . . . [lack of subject matter jurisdiction] even though the district court made statements that seem to suggest otherwise," *Shapiro*, 412 F.3d at 311, we would still find the district court's remand order unreviewable based on the other two reasons it cited—law of the case doctrine and untimeliness. Although these are both undoubtedly procedural grounds and thus fall within § 1447(c)'s 30-day

3

limit, *see* 28 U.S.C. § 1447(c), we conclude that requirement was satisfied. The district court asked Caires to show cause why his case should not be remanded to the district court *one day* after his notice of removal was filed. And JPMC filed its "response" to the district court's order the same day, requesting "a formal order enter" to remand the case to Connecticut Superior Court, and citing both law of the case and timeliness. *See* Supp. App'x at 168–69. Although the remand was not effectuated until more than thirty days after the notice of removal, that was due only to the granting of several extensions requested by Caires, and not to any forfeiture on the part of JPMC. Given these actions, we cannot conclude that either defect "was waived by the failure of [JPMC], or the court *sua sponte*, to *raise* the matter within 30 days of removal." *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 644 (2d Cir. 1993) (emphasis added). Thus, for these reasons as well the district court's order is unreviewable.

We have considered Caires's remaining arguments and find them to be without merit. Accordingly, we **DISMISS** the petition for review of the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4